ISA A. DE PLEDGE, Respondent, *v.* THE CITY OF NEW YORK, Appellant, Impleaded with FREDERICK LOESER & Co., INC., Defendant.

Second Department, February 1, 1924.

Municipal corporations — action to recover for injuries suffered by plaintiff when she slipped and fell on sidewalk — curb at point of accident sloped slightly and was two inches lower than sidewalk — space between sidewalk and curb was filled in with concrete strip — defect does not justify finding of negligence — complaint dismissed.

The complaint in an action to recover for injuries suffered by the plaintiff when she slipped and fell on a sidewalk should be dismissed on the ground that negligence is not shown where it appears that at the point of the accident the curb had tipped slightly toward the street so that the inside thereof was about two inches from and two inches lower than the outer edge of the sidewalk; that the intervening space between the curb and the sidewalk had been filled in by a concrete strip about two inches wide which sloped from the outer edge of the sidewalk to the inner edge of the curb; that both the sidewalk and the curb were free from ice and that the plaintiff slipped on the sloping concrete strip between the curb and the sidewalk.

JAYCOX and YOUNG, JJ., dissent.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff and against said defendant, entered in the office of the clerk of the county of Kings on the 20th day of March, 1923, upon the verdict of a jury for $3,500, and also from an order entered in said clerk's office on the 19th day of March, 1923, denying said defendant's motion for a new trial made upon the minutes.

*Charles J. Druhan* [*George P. Nicholson, Corporation Counsel,* and *Joseph P. Reilly* with him on the brief], for the appellant.

*William H. Hamilton* [*Thomas Gregory* with him on the brief], for the respondent.

KAPPER, J.:

Plaintiff, an unmarried woman fifty-seven years old, was injured by slipping on the sidewalk in front of a store on Fulton street, Brooklyn, on February 7, 1920, between five-thirty and six P. M.

Claiming that the sidewalk upon which she slipped was dangerously defective and negligently maintained, she sued both the city and the store owner.  At the outset of the trial it was announced by the corporation counsel that the store owner was no longer in the case. The city is the sole appellant from the judgment, entered in plaintiff's favor.  The material facts are practically undisputed.

The single question is, whether or not the alleged defect was of such a character as to permit a finding of negligence against the city.

The city and the plaintiff differed as to the precise spot of the accident, but we shall assume, as we must, in the light of the jury's finding, that it happened just where plaintiff claimed it did.  This spot was the easterly curbstone of a short alley or cul-de-sac, right in front of the store mentioned, title to which alley is claimed by the city, and the name of which is Fulton place.  The plaintiff was walking westerly, and she testified:  " As I came down Fulton Street just as I passed Loeser's store, and just as I was about to step, as I was stepping off the curb, my foot slipped and I tried to recover myself, my left foot was still on the curb, I almost recovered myself and my left foot slipped down and I fell and struck my left hip."

The parties agreed that there was a difference in the elevation of the sidewalk adjacent to the curb and the curb itself.  They differ as to the exact measurement of the elevation, but from my point of view it is immaterial in the disposition which I think we should make of the case.  Therefore, we shall take the measurements testified to on behalf of plaintiff.

Plaintiff's Exhibit 1 shows a slight separation of the sidewalk and the curb, wherefrom the curb was two inches lower than the sidewalk with a space between the two of approximately two inches, this space or interstice being filled in by a cement strip, thus leaving no opening in the sidewalk whatever.  The curbstone sloped five-eighths of an inch toward the gutter, which was from seven to eight and one-half inches below the curb.  I assume that the plaintiff wants to be understood as claiming to have slipped on this point where the sidewalk and curb were joined by the slight-sloping strip of cement.  Of course, if she slipped while stepping from the curb into the gutter, she would have had no ground of action at all.  So that the depth from the curb to the gutter is unimportant.  The plaintiff seems anxious on this appeal to have us understand that there was absolutely no snow or ice upon the sidewalk or curb.  There was no dispute on this, the corporation counsel stating that there was no snow or ice.

The learned trial justice, in a memorandum denying a motion

to set aside the verdict, said: " While I am not satisfied that the plaintiff has established, under the authorities, the negligence of the defendant, the situation presented here is novel and unusual. Under such circumstances I feel it my duty to deny the motion to set aside the verdict of the jury."

I do not think that the situation here was either novel or unusual. All that we have was a subsidence which produced a curbstone somewhat out of alignment and slightly sunken from the adjacent sidewalk, but which those who regarded it as their duty to look to its maintenance healed by laying a strip of cement between the sidewalk and the curb. I venture to say that there can be found hundreds if not thousands of just such spots in New York city where curbs have fallen away from the sidewalk more or less, as a matter of a very few inches at the most, and particularly where subways have been built. At any rate, whether we regard this defect as one due to natural decay, or direct interference, or original construction (the latter of which undoubtedly it was not), I am unable to see wherein this case is as strong for plaintiff as was the case of *Stratton* v. *City of New York* (190 N. Y. 294). There, as stated by Judge HISCOCK, who wrote for the Court of Appeals, the " alleged obstruction consisted of a concrete construction about five or six feet long, sloping from the top of the curb to the pavement, the sloping surface being about eighteen inches wide and the greatest perpendicular height being about six inches. It was located at a point where a pedestrian would naturally cross and had been there about six years. The plaintiff was traveling from the sidewalk towards the pavement and testified that she did not see it before stepping upon it and slipping." And it was added: " We do not think that it could be reasonably apprehended that the construction employed would be a menace to travelers, or that one using reasonable care would be more apt to slip and fall upon it than he would be to slip and fall in making the abrupt descent which otherwise would have been left between the sidewalk and the gutter."

*Hesse* v. *City of New York* (185 App. Div. 707) was where the difference in the level of adjoining sidewalks was made up by filling in cement, forming what the case described as a " slope patch," so that the new connecting surface had a grade or declivity considerably more than shown in the case at bar. In reversing a judgment for plaintiff and dismissing the complaint, the Appellate Division said: " The slope of this sidewalk was no greater than may be seen at different points on the sidewalks of all municipalities, and to hold the city liable for an accident claimed to be due to such a slope would be to impose an undue burden on the taxpayers."

Neither *Moshier* v. *City of New York* (190 App. Div. 111) nor *Moroney* v. *City of New York* (117 id. 843), both of which are relied upon by the respondent, is in point, in my opinion. Each presented the instance of depressions with an opening under the adjoining flagstone, into which opening the pedestrian's foot went and was caught and trapped.

As the defect in the sidewalk here complained of was not of such a character as to justify a finding that the city was negligent, the judgment and order should be reversed upon the law, with costs, and the complaint dismissed, with costs.

KELLY, P. J., and MANNING, J., concur; JAYCOX and YOUNG, JJ., dissent and vote to affirm.

Judgment and order reversed upon the law, with costs, and complaint dismissed, with costs.