## SANCHEZ v. DIXON.

### No. 9034.

Court of Civil Appeals of Texas. San Antonio.

March 22, 1933.

Rehearing Denied April 19, 1933.

Douglas & Black, of San Antonio, for appellant.

David C. Brown, D. A. McAskill, and H. G. Williams, all of San Antonio, for appellee.

FLY, Chief Justice.

This is a suit instituted by appellee for commissions alleged to have been earned by appellee for procuring the sale of certain land in Mexico, belonging to appellant, on which the fees for selling the land were $5,500, of which appellee claimed one-third, amounting to $1,833.33. It was answered that appellant owed a commission to a partnership consisting of A. M. Wormser, W. P. Wickline, and appellee, and was ready to pay the commission agreed upon, of 2½ per cent., and tender-

ed into court an order upon G. C. Walker, to whom appellant had been instructed to pay it. One L. E. Warner intervened in the suit and sought to recover from appellant one-half of Wickline's share of the commission. Wickline disclaimed any interest in the commission. Wormser filed a plea claiming $3,610, about two-thirds of the agreed commission of $4,975.

The cause was tried by jury on twenty-one special issues, some of which were quite multifarious and tended to produce confusion in the mind of the jury. After overruling a motion for judgment by appellant, despite the answers, the court filed probably the strongest argument in favor of Dixon that was made. That argument has been copied into the record and made a part thereof. It covers over four pages of the transcript. The judgment covers over thirteen pages of the record, the object and aim of which was to give appellee a recovery against appellant of $1,975.42. Warner and Wormser and Wickline were denied a recovery of any sum.

Although the question of the existence of a partnership consisting of Wormser, Wickline, and Dixon was of vital importance in solving the problems of this case, it was not submitted to the jury. It was admitted by appellee that the sale of the property involved in this case was a joint venture. The judge, while not submitting the question of partnership to the jury, found that a partnership existed as charged by appellant. The court seemed to think the Walkers were partners with the others named as partners, and put emphasis on their being charged with notice that Dixon was a partner. The Walkers were not parties to the suit, and were only known through the testimony.

In the case of partners each partner is considered the agent of each and the other partners. Each partner can bind the partnership and the other partners in all matters within the scope of the partnership. A joint adventure is deemed a partnership for a single venture, which partnership may and does apply to any number of ventures. The same rules apply with equal force and applicability to both partnerships and joint adventures. Sabine Tram Co. v. Bancroft, 16 Tex. Civ. App. 170, 40 S. W. 837 (writ refused); McFaddin, Wiess & Kyle Land Co. v. Texas Rice Land Co. (Tex. Civ. App.) 253 S. W. 916, affirmed by Supreme Court in 265 S. W. 888; Thompson v. Duncan (Tex. Com. App.) 44 S. W.(2d) 904, 907.

The court held in the last-cited case: "Courts do not treat a joint venture as identical with a partnership, yet it is universally held that such relation is so similar in its nature to a partnership and in the contractual relation created thereby that the rights as to the members are governed by substan-

tially the same rules that govern partnerships. R. C. L. vol. 15, p. 500; Senneff v. Healy, 155 Iowa, 82, 135 N. W. 27, 39 L. R. A. (N. S.) 219; Irvine v. Campbell, 121 Minn. 192, 141 N. W. 108, Ann. Cas. 1914C, 689."

It was admitted by appellee in his pleading that "the Leopoldo Sanchez deal with the Walker Bros. was a joint venture entered into by the plaintiff and A. M. Wormser and W. P. Wickline." Appellee admitted in his testimony that the deal was made with the Walkers. The pleadings and evidence of appellee were practical admissions that the partners or joint adventurers had the right to bind him in the negotiations with Walker Bros. If the court was right in deciding that the partnership existed, then the judgment is necessarily wrong.

It is unnecessary to discuss the numerous propositions, and we hold that the case was not properly presented to the jury, and that the verdict and judgment were contrary to law and the evidence.

The judgment is reversed, and the cause remanded.