**STRACK v. STRONG.**

No. 10122.

Court of Civil Appeals of Texas. San Antonio.

Feb. 9, 1938.

Rehearing Denied March 9, 1938.

M. W. Pitts, Jr., J. A. Wood, and H. S. Bonham, all of Corpus Christi, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellee.

SLATTON, Justice.

This is an appeal from a decree entered by the trial court upon a jury verdict wherein appellee, Strong, recovered all rights, title, and interest in and to certain oil and gas leases, oil payments, overriding royalties, etc., and a money judgment against appellant, Strack, for the sum of $1,778 (being half the sum that was found by the jury to have been unaccounted for by Strack to Strong), and the dissolution of a joint adventure agreement between appellant and appellee as of the date appellee filed this suit, to wit, December 21, 1935.

The record and briefs are voluminous; therefore, only enough of the record will be stated to insure an understanding of our holdings.

Appellee, Strong, in his trial pleadings averred an agreement dated November 4, 1935, under which a number of oil and gas leases were obtained, and to be thereafter obtained, through the contribution of money furnished by Strong and by the services of Strack. That after the payment of the money advanced by Strong the property was to be owned jointly by the parties, and upon sale of any of such property the profits were to be divided upon a fifty-fifty basis. Appellee further averred that under the agreement various leases (describing them) had been acquired and the title taken in the name of Strack, and that under the agreement Strack had conveyed some of the leases to various oil companies and had received $7,000 therefor, and had obtained an overriding royalty and working interest in said properties, which was for the benefit of appellee and appellant; that the value of the property obtained was $50,000, and that in virtue of all the money having been advanced by appellee, and appellant having breached the agreement and repudiated the contract of joint adventure, appellee was entitled to all of the property, less the reasonable value of appellant's services, which was

alleged to be the sum of $5,000; that appellant had failed to account for any of the $7,000 received, and having repudiated the contract as of December 4, 1935, appellee prayed for judgment decreeing unto him all of the title to said property and the sum of $2,000, and a cancellation of the joint adventure agreement as of December 4, 1935.

Appellee, in his second count, reiterated many of the allegations contained in the first count and prayed for a decree adjudging to him an undivided one-half interest in and to all of the property, including a money judgment for the sum advanced by him to pay for the leases, and one-half of all the money received by appellant through the sale of such leases, after paying to appellee the sum advanced by him.

Appellant answered that some of the leases were obtained under an agreement with appellant, appellee, and one C. W. Skipper, dated September 7, 1935, containing substantially the same terms as the agreement averred by appellee, except ownership and profits were divided three ways instead of in halves. Appellant further averred that said agreement was dissolved, by consent of all parties, on November 4, 1935, and that a division of the interests of Skipper was made in equal parts to appellant and appellee on said date; that after the existence of the agreement between Strack and Strong, appellee, Strong, became dissatisfied and made an agreement with Strack whereby all of the interests in all of the leases obtained were to vest in Strack, in consideration of Strack paying to Strong all money advanced by him, and the sum of $235 alleged to have been advanced by Skipper. Appellant pleaded a cross-action against Strong on the theory that appellee, in making the joint adventure agreement with appellant, had agreed to furnish the sum of $15,000 to obtain oil and gas leases, and that a number of oil and gas leases were obtained, but had been lost on account of Strong breaching his agreement to furnish the money, to the damage of Strack.

The jury found that on or about the 4th day of November, 1935, it was agreed between appellee and appellant that appellee and appellant should own all leases, etc., acquired or contracted for in Nueces or adjoining counties and held in the name of appellee or appellant, with the understanding that after the repayment of the costs of the leases so obtained or held

appellee and appellant should each own an undivided one-half interest in and to the property. There was a further finding of the number of leases so obtained under the agreement. The jury found that appellee furnished, for the expenses of the appellant and the purchase price of the leases obtained in the name of appellant, the sum of $3,052.40; that appellant breached the agreement on the 4th day of December, 1935; that appellant had received, as a result of the sale and transfer of leases to oil companies, the sum of $7,000; that appellant had not made an accounting to the appellee for the sum of $3,556; that the signature affixed to the instrument (whereby appellant claimed appellee had released all of his interest in and to the leases involved) was not the genuine signature of the appellee, H. T. Strong. The jury further found that appellee had furnished money for the expenses and purchase price of some of the leases involved, and further found that the appellee did not furnish the expenses and purchase price of some of the leases involved. The jury further found against appellant upon all issues submitted under the theory of his cross-action against appellee.

The appellant complains, by his first three propositions, that the trial court erred in refusing to consolidate this suit with one filed by C. W. Skipper against H. T. Strong and appellant, Strack, in the same court, making claim to some of the same oil leases involved in this suit, and in granting Skipper's plea in abatement filed in this suit, on being impleaded herein by appellant.

Appellee asserts that the appeal bond made and filed herein by appellant, Strack, not being payable to C. W. Skipper, we are without jurisdiction to pass upon this contention, citing article 2265, R.C.S.1925, and Taylor v. Davidson, Tex.Civ.App., 120 S.W. 1018; Anderson v. Automobile Finance Co., Tex.Civ.App., 260 S.W. 1092.

From the views entertained by us on other questions raised, we do not deem it necessary to pass upon these three propositions.

The appellant, by his fourth proposition, contends that the pleadings of appellee in his first count being upon a joint adventure contract, and the decree of the trial court in effect affirms the contract and allows a recovery of all right, title, and interest in and to the property obtained under the joint adventure contract, and in the

316

·allowance of a money judgment (being half the amount the jury found appellant failed to account for to appellee), and having dissolved the joint adventure contract as of the date of the filing of suit by appellee, that the judgment is fundamentally erroneous, being without pleadings and proof to support it.

A joint adventure is defined as: "A special combination of two or more persons, where, in some specific venture, a profit is jointly sought, without actual partnership or corporate designation." Bowmaster v. Carroll, 8 Cir., 23 F.2d 825, 827; Griffin v. Reilly, Tex.Civ.App., 275 S.W. 242.

Some of the authorities define the term "joint adventure" as a partnership for a single ·venture. Sanchez v. Dixon, Tex.Civ.App., 59 S.W.2d 425. The authorities in this state have not treated a joint adventure contract as identical with a partnership. It seems that the rights thereunder are governed by substantially the same rules as a partnership. Thompson v. Duncan, Tex.Com.App., 44 S.W.2d 904.

The contract under review was a partially executed contract; upon a breach thereof by the appellant the appellee had the right to rescind the contract and recover what he had paid into the joint adventure and. place the parties in status quo, or he had the right to affirm the contract and to recover his interest to all property obtained during the existence of the contract, including a recovery for his advancements made to the venture, together with his share of the money received belonging to the venture. The decree entered by the court allowed appellee a recovery of all the oil and gas leases, overriding royalties, oil payments, etc., and one-half of the money received by appellant which had not been accounted for to appellee. The acts of breach and repudiation relied upon by the appellee were the contracts made with the, Benson and Westgate oil companies, from which Strack received the sum of $7,000, overriding royalties, a working interest in wells, etc. If the appellee desires to affirm the contract and to recover under it, he must do so under all of its terms. This it seems would require an accounting. The acts of repudiation and breach relied upon by the appellee are not equivalent to a forfeiture. Appellee seeks to justify the decree upon the theory that one who fur-

nishes the money to buy real estate has the superior title. This rule is particularly true where the agreement provides that one of the parties furnish the money and the other furnish his services to purchase real estate, and upon its sale the profits are to be divided equally. Under that kind of agreement the party furnishing the labor and services has no title to the real estate, but only an interest in the profits. Martin v. Morrison, Tex.Civ.App., 260 S. W. 893. The agreement under review is that the oil and gas leases shall be owned jointly between Strack and Strong. Another phase · of the agreement is that Strong shall be repaid the money advanced for expenses and purchase price of the property. Another phase of the agreement is that upon the sale of any of the oil and gas leases the profits shall be divided equally between the parties. If we construe the agreement as found by the jury in · the present case to limit appellant's interest in the profits only, the decree cannot be sustained for the reason of the absence of a finding of profits vel non. Appellee did not predicate his recovery upon the ground that no profits had accrued to the venture. Under his allegations there were $7,000 received into the venture, and the property obtained by the joint adventure was of the value of $50,000. It must be noted that appellee prayed for a cancellation of the joint adventure contract as óf the 4th day of December, 1935, and the decree dissolved the joint adventure contract as of the 21st day of December, 1935. The decree entered by the trial court cannot be sustained under the theory that one who furnishes money for the purchase of realty has the superior title, because the jury found that the appellee did not furnish the purchase price for all of the leases involved, although the title to such leases was vested in the appellee. It is our opinion that the decree entered by the ·trial court was based upon a different theory than that pleaded by the appellee in the first count of his trial pleadings, and therefore cannot be sustained.

Other questions are presented by appellant complaining of the form and manner of the submission of special issues, which we think are meritorious, but for the reason that the evidence may not be the same on another trial we pretermit a discussion of such propositions.

By the twenty-ninth to thirty-fourth propositions of appellant complaint

is made of the action of the trial court in overruling and not sustaining objections timely made to various portions of evidence given by the witness J. H. Reveley. The witness Reveley, after answering a direct interrogatory, testifies as follows: "I later found out that Mr. Strack used a considerable portion of this money for his own personal needs." Timely objection was made that the same was not responsive to the question, that it was based on hearsay, and was prejudicial. We are of the opinion that the admission of this testimony, over the objection of the appellant, was error. Roth v. Travelers' Protective Association of America, 102 Tex. 241, 115 S.W. 31, 132 Am.St. Rep. 871, 20 Ann.Cas. 97; Atchison, T. & S. F. Ry. Co. v. Francis, Tex.Civ.App., 227 S.W. 342. The witness further testified, in answer to an interrogatory: "I would try to get him to explain to me the nature of Strong's claim against him. His replies were evasive and contradictory and he never told me the same story twice." This answer was not responsive and likewise was an opinion and conclusion of the witness. The witness further testified: "I afterwards found out that Mr. Strack took these additional payments and applied them to pay his debts with." This answer was not responsive and clearly based upon hearsay. The witness further testified: "But Mr. Strack took our money and instead of doing as he agreed to do spent it on his own personal wants. I checked this matter thoroughly and know that he misapplied the money advanced to him for certain leases for his own benefit." This evidence was not responsive to the question and was highly prejudicial. The witness further testified: "I afterwards found out that Mr. Strack took these additional payments and applied them to pay his debts." We sustain all of the propositions presented by the appellant having reference to the evidence of the witness Reveley, and upon another trial the trial court should sustain the objections made. These errors are prejudicial and necessitate a reversal.

The appellant further presents for review the action of the trial court in refusing specially requested issues based upon the theory of the execution and delivery of a contract whereby all of the interests of appellee, Strong, are alleged to have been conveyed to appellant, Strack. The manner and form of the submission of an ultimate fact issue is in the discretion of the trial court. Under the evidence in the record before us the ultimate fact issue is whether or not Strong signed the instrument relied upon by the appellant. It is true that the appellant is entitled to an affirmative presentation of his theories of the case based upon pleadings and proof. These issues, assuming that the pleadings and proof be the same upon another trial, should be submitted as the trial court evidently did before, bearing in mind the rule announced in the case of Alworth et al. v. Ellison, Tex.Civ.App., 27 S.W.2d 639, with reference to the statute of frauds being applicable to an equitable title.

For the errors pointed out, the judgment of the trial court will be reversed and remanded for another trial.