## WALGREEN–TEXAS CO. v. SHIVERS et ux.
### No. 4095.

Court of Civil Appeals of Texas. Beaumont.
Jan. 14, 1943.

Rehearing Denied Feb. 17, 1943.

Orgain, Carroll & Bell, of Beaumont, for appellant.

C. A. Lord, of Beaumont, and Shivers & Keith, of Pt. Arthur, for appellees.

WALKER, Chief Justice.

This is a second appeal. For a full and complete statement of the pleadings, the facts and the controlling issues we refer to the opinions on the former appeal; by this court Walgreen-Texas Co. v. Shivers, 131 S.W.2d 650, by the Supreme Court, 137 Tex. 493, 154 S.W.2d 625. On this trial the jury found that Mrs. Shivers tripped on the edge of the raised platform and was thereby thrown down upon the floor and that she sustained an injury therefrom; that it was negligence on the part of the defendant to have and maintain the raised platform of the width it was and of the height it was, and that each of these acts of negligence was the proximate cause of the injury to Mrs. Shivers. The damages were assessed at seven thousand dollars. The jury further found that the accident was not an unavoidable accident; that Mr. Shivers was not guilty of negligence in failing to assist his wife to leave the soda fountain; that Mrs. Shivers did not fail to keep a proper lookout when she took her seat on the stool in question; that she did not fail to keep a proper lookout when she attempted to leave the stool and platform; that she did not know that she was sitting upon a stool upon a platform; and that she did not forget in attempting to leave her seat at the soda fountain that the stool upon which she was seated was situated upon the platform in question; that in attempting to leave the platform she did not back away; that she did not fail to observe the location and size of the platform on the occasion in question, and that she did not fail to exercise ordinary care to observe the step as she left said platform. Appellant has regularly prosecuted its appeal from the judgment entered against it on the jury's verdict.

The first point is that the lower court erred in refusing to instruct the verdict in appellant's favor. The point is overruled. On this trial the pleadings of the parties, the evidence and the controlling issues submitted by the court's charge were in substance the same as on the first appeal. In its brief, appellant suggests the following variations in the evidence: (1) It was admitted by appellee, W. G. Shivers, that just prior to the accident in question he went into the drug store and saw Mrs. Shivers sitting at the fountain, and that he saw nothing in the situation there that indicated any necessity for him to help his wife down; that he saw nothing there in the whole situation that made him think there was any necessity to help her down and that he figured she could take care of herself. (2) Since the previous trial, it was made to appear that the platform used in the Crosby Cafe is seven inches high and twenty-six inches wide. Appellee's witness Smith admitted that the seats in the jury box in the very room in which the case was being tried, were upon a platform; that the witness himself had to take steps up to a platform to get into the chair from which he testified; likewise the clerk in waiting on the court; and that the judge had to take steps up to the platform to get into the chair at his desk where he sat. (3) In the previous opinion consideration was given by the court to the testimony of Mrs. Skinner that a Mrs. Lay fell from the platform in June, 1934. That testimony was before the court in the previous opinion and was considered on the issue of appellant's negligence in maintaining the platform. This testimony by Mrs. Skinner is not now before the court on the issue of negligence. Appellee's attorneys admitted in the trial that it was not admissible on negligence and it was not tendered as evidence upon the issue of negligence in maintaining the platform; it was offered by them solely upon the issue of proximate cause, on the theory that since someone fell, irrespective of what caused her to fall, appellant could have foreseen that someone else might fall, whatever it might be that caused her to fall. (4) In its opinion on the first appeal, the Supreme Court said that Mrs. Shivers "was evidently worried about the condition of her daughter." On this trial, on that issue, Mrs. Shivers gave the following testimony:

"Q. As a matter of fact, Mrs. Shivers, you were not looking as you rose up to step, you were not paying any attention? A. I do remember; I was just doing naturally, like you would when you raise up out of a chair.

"Q. As a matter of fact, you were worrying about your daughter and not paying any attention to where you were stepping were you? A. No, I wasn't worrying about anything."

As we understand appellant's brief, we have given all the points of difference between the evidence on this trial and on

the former appeal. These differences in the evidence do not change the substantive law of the facts, as announced by the Supreme Court, holding that the evidence raised against appellant the issues of negligence brought forward in its opinion, the very issues submitted on this trial, and that Mr. and Mrs. Shivers were not guilty of contributory negligence, as a matter of law. The fact that Mrs. Shivers testified that "she was not worried about anything," as against the Supreme Court's conclusion [154 S.W.2d 630] that she was "worried about the condition of her daughter," does not, as a matter of law, make her guilty of contributory negligence. This fact was mentioned by the Supreme Court, not as controlling the issue of contributory negligence, but as a mere incident of the trial. Appellant has rebriefed its point of instructed verdict with great ability and on careful review of the pertinent authorities. But the doctrine of stare decisis rules this point, and we must hold that appellant was not entitled to an instructed verdict. Frankland v. Cassaday, 62 Tex. 418; Roberts v. Armstrong, Tex.Com.App., 231 S.W. 371.

The doctrine of stare decisis also supports the court's ruling in refusing to set aside the jury's findings: (a) That it was negligence to maintain the platform of the width it was; (b) that it was negligence for appellant to have and maintain the raised platform the height it was; (c) that it was negligence for appellant to have the stool in question situated upon the raised platform, of the width and height it was. On the former appeal the Supreme Court ruled that the evidence raised these issues of negligence against appellant.

The witness J. Kaufhold testified for appellant by deposition. The court received in evidence the testimony of this witness that he was a sales manager for Weber Showcase & Fixture Company; that he lived in Los Angeles, California, and had been engaged in that business for fifteen years; that he was familiar with the kind and type of construction of soda fountain in issue in this case; that in Southern California the use of the type of step in issue was very popular, and that over a period of the last ten years seventy five per cent of all fountain counters which had been installed in Southern California, and of which he had personal knowledge, were of the type in question;

that he had acquired his knowledge as to the use of the counter in issue by actually manufacturing some of the units, and had designed and laid out a number of them personally; that he would say his company had installed two hundred and fifty counters of the type in issue; that a similar type was being used exclusively in Southern California; that it was being used in New Orleans, New Mexico and Arizona, and in Dallas, Fort Worth, Houston and San Angelo, Texas; that one was located at the Hilton Pharmacy in El Paso; that these installations were usually and customarily made in connection with soda fountains in drug stores. He gave the names of other companies which made similar fixtures. On this predicate, the witness was asked by subdivision (b) of direct interrogatory No. 13 this question: "As to the safety of such type of platform and soda fountain, what are the facts?" whereupon the following proceedings were had: Upon objection by appellee's counsel, the court refused to permit the reading of the answer as made by this witness:

"Mr. Keith: We have objection to that. Whatever facts he might know would necessarily have been limited to Southern California and not a matter of personal—

"The Court: That is directed to '(b)'.

"Mr. Bell: Yes, Sir.

"The Court: The objection is sustained as to '(b)'.

"Mr. Bell: Note our exception, and we would like to incorporate the answer in our bill.

The answer excluded was: "The facts are that during the period which I have described wherein I have had personal knowledge, I have not heard or actually seen or been personally familiar with any accident which could be attributed to this type of raised platform."

Mr. Kaufhold was asked direct interrogatory No. 6: "State what the facts are as to the extent and nature of your experience with the type of construction as shown in such picture, and how you have acquired your knowledge as to such type of construction."

The following part of his answer was received: "I would say that in Southern California the use of this type of step is very popular, and that over a period of the last ten years seventy-five per cent of all fountain counters which have been in-

stalled in Southern California, and about which I have personal knowledge, are of this type. I have acquired the knowledge as to the use of this type of counter and step by actually manufacturing some of these units while employed in the Weber Showcase plant, as well as having designed and laid out a number of these counters personally."

The following part of his answer was excluded: "And it is my experience that in no cases have we found a step of this kind to be too narrow, too high or to be an obstruction, and it is a fact that many corporations who operate a great number of stores in Southern California particularly specify the use of such an arrangement."

We overrule appellant's points Nos. 5 and 6, complaining of the exclusion of this testimony of the witness Kaufhold. The case at bar illustrates the correctness of the court's ruling. It was for the jury to say whether or not the step in issue was too narrow or too high to constitute an obstruction. The answer of the witness to direct interrogatory No. 6 would have made him the judge of the issue of whether or not appellant was guilty of negligence in using the particular counter and stools in issue. Certainly the witness's answer to subdivision (b) of direct interrogatory No. 13 that he had not heard nor actually seen, and was not personally familiar "with any accident which could be attributed to this type of raised platform" made the witness the judge of the issue of negligence and of proximate cause. These were fact issues, not within the province of expert testimony.

■ On the issue of the construction of the soda fountain counter in Beaumont, as that issue was discussed by the Supreme Court, Mr. Kaufhold's testimony that fifty per cent of the soda fountains sold by his company were of the type in issue, was irrelevant and immaterial, since the testimony of this witness related to Southern California and not to Beaumont and East Texas.

■ The witness Kaufhold gave the answer "yes" to the following question, which was received in evidence. "State what the facts are as to whether such installation shown in said picture is such as is usually and customarily made in connection with a soda fountain in a drug store."

Following the affirmative answer, the witness volunteered the following statement, which was properly excluded by the trial court: "In instances wherever a soda fountain installation is of a nature wherein the soda fountain is backed up against the counter and a high counter is necessary, it is customary to elevate the stools on a raised platform to provide greater seating comfort, and this particular type is very popular here in Southern California. We find it being specified by large corporations who install units of a similar nature." Answers not responsive to the question asked should be excluded. Minor v. Lumpkin, Tex.Civ.App., 53 S.W. 365; Hambleton v. Southwest Texas Baptist Hospital, Tex.Civ.App., 172 S.W. 574; Strack v. Strong, Tex.Civ.App., 114 S.W. 2d 313.

■ The trial court did not err in refusing to strike from the record the testimony of Mrs. Skinner to the effect that Mrs. Lay, while using the soda fountain in question during June, 1934, fell, because such testimony was admissible in rebuttal to the evidence of the defendant that more than a million people had used the device, prior to the injury to Mrs. Shivers, and no one had fallen therefrom. Dallas Consolidated Elec. St. R. Co. v. Broadhurst, 28 Tex.Civ.App. 630, 68 S.W. 315; Texas Power & Light Co. v. Bristow, Tex.Civ.App., 213 S.W. 702; Galveston, H. & S. A. R. Co. v. Ford, Tex.Civ.App., 46 S.W. 77; Quinn v. Stedman, Town Treasurer, 50 R.I. 153, 146 A. 618, 65 A. L.R. 375, Annotation, 380; McCormick v. Great Western Power Co. of California, 214 Cal. 658, 8 P.2d 145, 81 A.L.R. 678, Annotation, 685; Texas Law of Evidence by McCormick & Ray, Sec. 697, p. 905; District of Columbia v. Arms, 107 U.S. 519, 2 S.Ct. 840, 27 L.Ed. 618.

■ Appellant plead that Mrs. Shivers was guilty of contributory negligence in failing to keep a proper lookout as she attempted to leave the stool and platform on the occasion in question. This issue was sent to the jury in a form putting the burden of proof on appellant. Appellant excepted to the court's charge on the ground that the burden of proof should have been on Mrs. Shivers since "by her own testimony she made a prima facie case of failure to keep a proper lookout." The opinion of the Supreme Court on the former appeal denies appellant's construc-

tion of the evidence on this issue. So, the court did not err in overruling appellant's exceptions to the charge, and did not err in refusing to submit appellant's requested issues, putting the burden of "proper lookout" on appellees.

The judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.