November 18, 2021

**Supreme Court**

No. 2020-172-C.A.
(P1/17-1384A)

State                               :

v.                               :

James Stevens.                     :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State              :

v.             :

James Stevens.      :

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.** This case came before the Supreme Court on October 6, 2021, on appeal by the defendant, James Stevens (defendant or Stevens), from a judgment of conviction on one count of voluntary manslaughter, in violation of G.L. 1956 § 11-23-3. The defendant was sentenced to thirty years at the Adult Correctional Institutions, with twenty years to serve and ten years suspended, with probation. On appeal, the defendant assigns error to the jury and not the trial justice, contending that when the jury returned a verdict of guilty of voluntary manslaughter, it erroneously rejected the defendant's claim of self-defense. We affirm the judgment of the Superior Court.

**Facts and Travel**

On May 26, 2017, defendant was indicted by a grand jury on one count of murder in the first degree, in violation of §§ 11-23-1 and 11-23-2. The case proceeded to a jury trial on April 2, 2019; at the close of the evidence, the jury was instructed to consider the offenses of murder in the first degree, murder in the second degree, and voluntary manslaughter. The jury was also instructed on self-defense. The jury returned a verdict of guilty on the lesser-included offense of voluntary manslaughter. The defendant did not file a motion for a new trial; a judgment of conviction was entered, and defendant was sentenced. The defendant timely appealed.

The record reveals the following. On December 10, 2016, the decedent in this case, Jasper Williams (decedent or Williams), received a message[1] from Ernestine Peah, his ex-girlfriend and defendant's girlfriend at the time, which triggered Williams' late-night phone call to defendant to "[c]ome to the liquor store" located on the first floor of a commercial building in East Providence, Rhode Island. The record reflects that decedent resided at that location with his girlfriend, Tanikqa Hodge Brown. Hodge Brown testified that it was close to midnight when defendant arrived at the liquor store and was met by an "[e]xtremely, extremely angry"

---

[1] The message was sent via Instagram, a social platform, and it read, "If you can't say anything or have anything good or truthful to say about me, please don't say anything at all[.]"

Williams outside the building. Hodge Brown also went outside, and she witnessed the altercation between Williams and defendant. She testified at trial about this series of events, reciting her observations. Several other witnesses also testified, including various police officers, eyewitnesses, medical experts, and defendant.

According to Hodge Brown, Williams and Stevens raised their fists and began to fight. At one point, decedent fell to the ground and defendant, who was holding a knife, stabbed him in the head. Williams was pronounced dead at the hospital, and an autopsy report revealed that he had suffered sixteen stab wounds and two incised wounds, none of which were characterized as defensive in nature. Stevens fled the state and was subsequently arrested in El Paso, Texas, on December 28, 2016, leading to his trial and conviction.

During his opening and closing remarks to the jury at trial, defense counsel alerted the jurors to the defense of self-defense in this case. The jury was also instructed appropriately on the law of self-defense by the trial justice. Significantly, defendant did not move for a judgment of acquittal in accordance with Rule 29 of the Superior Court Rules of Criminal Procedure, nor did he pursue a motion for a new trial under Rule 33.

## Standard of Review

"This Court's familiar raise-or-waive rule precludes us from considering issues at the appellate level that were not properly presented before the trial court."

*State v. Hak*, 963 A.2d 921, 927 (R.I. 2009). Under this rule, "a litigant must make a timely and appropriate objection during the lower court proceedings before this Court will indulge the issue on appeal." *State v. Grant*, 840 A.2d 541, 546 (R.I. 2004). We have recognized that "[n]ot only does the rule serve judicial economy by encouraging resolution of issues at the trial level, it also promotes fairer and more efficient trial proceedings by providing opposing counsel with an opportunity to respond appropriately to claims raised." *State v. Burke*, 522 A.2d 725, 731 (R.I. 1987). Although on occasion we have "recognized a narrow exception to the raise or waive rule," to qualify for this relief "the alleged error must be more than harmless, and the exception must implicate an issue of constitutional dimension derived from a novel rule of law that could not reasonably have been known to counsel at the time of trial." *State v. Bouffard*, 945 A.2d 305, 311, 312 (R.I. 2008) (citations omitted).

## Analysis

In this case we are not asked to review a trial record for judicial error. Rather, defendant argues that the *jury* erred in rejecting his claim of self-defense. The defendant has conceded in his papers to this Court that, "[w]hile aware of this Court's preference to only review issues that have been presented to the trial court in the first instance, [he] wishes to exercise his right to a direct appeal and respectfully requests that this Court review the jury's rejection of his self-defense

claim."[2]  The defendant asks this Court to overlook our well-settled raise-or-waive rule in order to permit review of his appellate contention that the evidence presented at trial was insufficient to sustain his conviction.

"This Court has held that a 'challenge to the sufficiency of the evidence is properly framed in terms of a challenge to the trial justice's denial of the defendant's motions for judgment of acquittal and new trial.'" *State v. Carpio*, 43 A.3d 1, 8 (R.I. 2012) (quoting *State v. Lynch*, 854 A.2d 1022, 1045-46 (R.I. 2004)).  In this case, Stevens concedes that the issue before this Court was not presented to the trial justice and instead claims that it was the jury that erred in rejecting his self-defense claim. We decline to review defendant's challenge, however, because he failed to raise the issue in the Superior Court.

This Court was confronted with a similar circumstance in *Carpio*.  In that case, the defendant was convicted of first-degree murder, among other counts. *Carpio*, 43 A.3d at 3.  The defendant then appealed his conviction, arguing that, although his insanity defense was rejected and that pivotal issue was not properly before the Court, the trial justice should have found that the evidence was insufficient to

---

[2] The defendant cites to G.L. 1956 § 9-24-1 to support his right to a direct appeal from a final judgment, regardless of his lack of preservation of the issue in the Superior Court.  This statute, however, is not applicable; it governs civil actions and procedures, not criminal cases.  Also, the statute does not address the requirement of preserving an issue for appellate review.  During oral argument, defense counsel requested that this Court adopt the plain-error rule and extend its application to the facts of this case.  We decline to do so.

establish criminal responsibility. *Id.* at 8.  However, the defendant had failed to file a motion for judgment of acquittal or for a new trial in the Superior Court. *Id.* at 7. We held that, under the raise-or-waive rule, the defendant had no avenue on direct appeal to challenge the sufficiency of the trial evidence because that issue was waived. *Id.* at 9.  Here, although defendant posits the challenge as that of juror error, rather than judicial error as presented in *Carpio*, the issue was not presented to the trial justice and is thus similarly waived.

In its role as factfinder, the jury was free to reject defendant's claim of self-defense, just as it rejected the state's argument that a murder conviction was appropriate under the circumstances of this case, when it returned a guilty verdict on the lesser-included offense of voluntary manslaughter. *See State v. Clark*, 974 A.2d 558, 574 (R.I. 2009) (determining that factual matters are properly left to the jurors as factfinders, and this Court will not "substitute the jury's findings with [its own] view of the evidence"); *see also Quinn v. Stedman*, 50 R.I. 153, 156, 146 A. 618, 620 (1929) ("In the case before us the trial court and jury saw the alleged defect.  We have not this advantage, nor may we express our opinion on the weight of the evidence, because no motion for a new trial was filed.").

Because this issue was never before him in the context of a motion for a new trial or a motion for judgment of acquittal, the trial justice did not weigh the evidence, nor did he pass upon the credibility of witnesses.  Absent a proper motion

- 6 -

in the trial court, neither the trial justice nor this Court can undertake a review of the jury's findings of fact. *See Carpio*, 43 A.3d at 8; *Clark*, 974 A.2d at 574; *see also Lynch*, 854 A.2d at 1046 ("In ruling on a motion for a new trial, 'the trial justice acts as a thirteenth juror and exercises independent judgment on the credibility of witnesses and on the weight of the evidence.'") (quoting *State v. Rieger*, 763 A.2d 997, 1001-02 (R.I. 2001)); *State v. Long*, 61 A.3d 439, 445 (R.I. 2013) ("When passing on a trial justice's denial of a motion for judgment of acquittal, this Court applies the same standard as the trial justice. * * * A motion for a judgment of acquittal should be granted only if the evidence, viewed in the light most favorable to the prosecution, is insufficient to establish the defendant's guilt beyond a reasonable doubt.") (internal quotation marks and citations omitted). There is no decision or error by the trial justice for this Court to review. *Cf. State v. Gallagher*, 654 A.2d 1206, 1212 (R.I. 1995) (providing that this Court could not review the actions of the prosecutor because it can only review the actions of the trial justice). Therefore, we are satisfied that the defendant has no avenue on direct appeal to challenge the sufficiency of the trial evidence and factual findings of the jury.

### Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The papers in this case may be returned to the Superior Court.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | State v. James Stevens. |
| **Case Number** | No. 2020-172-C.A. (P1/17-1384A) |
| **Date Opinion Filed** | November 18, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Luis M. Matos |
| **Attorney(s) on Appeal** | For State: <br><br> Virginia M. McGinn <br> Department of Attorney General <br> For Defendant: <br><br> Kara Hoopis Manosh, Esq. |