## QUINTUS ALLEN *vs.* HARDING G. WOODARD.

Franklin. Sept. 17. — Oct. 21, 1878. ENDICOTT & SOULE, JJ., absent.

A mortgage of a parcel of land to the grantee and his heirs, describing it by metes and bounds, "with the factory buildings standing thereon, with the water-wheel shafting, belting, machinery, tools and fixtures, contained in said buildings," and containing the usual covenants and habendum, is a mortgage of real estate only.

A payee of a promissory note, signed by a principal and surety, and secured by a mortgage of land from the principal, may maintain an action on the note against the surety, without first exhausting the security.

CONTRACT on a promissory note payable to the order of the plaintiff, and signed by James M. Munson and the defendant.

The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on an agreed statement of facts, so much of which as is necessary to the understanding of the points decided appears in the opinion.

*G. M. Stearns & C. C. Conant*, for the plaintiff.

*A. De Wolf*, (*D. Aiken* with him,) for the defendant.

LORD, J. Two questions have been argued in this case. The first is, it being agreed that the defendant was known by the plaintiff to have signed the note in suit as surety for one Munson, whether the plaintiff had not by his own neglect permitted certain securities, given by Munson to him at the inception of the note, to be so lost and rendered unavailable to himself or to the defendant, as surety for Munson, as to entitle the defendant to have deducted from the amount of his liability the value of such securities so said to be lost.

The ground upon which the defendant bases his claim is this: Munson gave to the plaintiff, as additional security, a mortgage of a parcel of land, describing it by metes and bounds, "containing about six acres, more or less, with the factory buildings standing thereon, with the water-wheel, shafting, belting, machinery, tools and fixtures, contained in said buildings, to have and to hold to him, his heirs and assigns." This mortgage was duly recorded in the registry of deeds, and nowhere else. The defendant contends that it was a mortgage of personal property as well as of real estate, and should have been recorded in the office of the clerk of the town, as a mortgage of personal property: that the personal property referred to in the mortgage was

subsequently mortgaged to another party as personal property; and that such mortgage was properly recorded, and the mortgagee was entitled to, and did sell such personal property, by means of which the defendant was deprived of the benefit of it in the reduction of his note; and that, if he pays the note, he cannot now be subrogated to the rights of the plaintiff in such property.

The question, therefore, first presented is, whether or not this instrument is a mortgage of personal property. To determine this, it is proper to look at the entire contents of the instrument. Taking the entire instrument, it will be seen that in form and substance it is a mortgage of real estate, that it is a grant to the grantee and his heirs, and that it contains covenants, not personal only, but covenants which run with the land, with the usual habendum in conveyances of real estate. So far, therefore, as the form is concerned, it is that of a deed of real estate. It becomes necessary, then, to inquire whether there is any language in the instrument which indicates that the parties intended to make the instrument an instrument of conveyance of personal property, in addition to the plain, obvious and primary purpose of a conveyance of real estate in mortgage.

In order to determine this question correctly, it is necessary to look with care at the precise language used, that we may see whether it is the natural and apt language to describe all such property as passes with the land, or whether it is intended to incorporate into the well known form of conveyance another new and substantial contract between the parties, of a different character. The words used are, " with the factory buildings thereon standing, with the water-wheel, shafting, belting, machinery, tools and fixtures, contained in said building." There is no word used in this description which may not of itself, taken alone, describe personal estate. But in the connection in which used, it would be scarcely less than absurd to say that the word buildings " was a description of personal chattels; and the same is true of the word " fixtures," which are the first and the last words used in the description of articles claimed to be personal property. Some of the other words used may, in their ordinary signification, when standing alone, be descriptive of personal property; but it would be an extraordinary use of lan·

guage to speak of a " factory building with the water-wheel " as personal property. " Shafting," possibly, and " belting," " machinery," and " tools," if used without reference to their position, might convey the idea that they were chattels; but while, taken independently, and without any relation to their situation, they might so be deemed chattels, yet every one of the words is a word which may properly be used to signify a part of the realty, as well as the words " buildings," " water-wheel," and " fixtures." The term " fixture " has a meaning which is well understood between grantor and grantee, which is different from its meaning as used between lessor and lessee. We are, therefore, to take the entire instrument together, and determine from its terms what property passed by the deed between the parties. And we are satisfied that the parties intended to convey, and did convey, only such articles as were a part of, or attached to, the realty, and which, from their situation and use, would be deemed to be, as between grantor and grantee, connected with the realty. We have no doubt that " shafting," " belting," " machinery," and " tools," can be so attached to, and be a part of the realty, when, by the connection in which they are used, such is shown to be the purpose and intention of the parties. We have no description of the articles named, nor how they were connected with, or attached to, the realty; and, in the absence of all evidence upon that subject, and taking into view the instrument in which they are used, and the manner in which they are introduced into that instrument, we think that the whole instrument, taken together, is simply a conveyance of real estate, with all such fixtures as, between grantor and grantee, might pass as parcel of the realty; that it neither conveys, nor purports to convey, any of those instruments which are used by the hand, and which are not in any sense connected with the realty.

In this view of the case, the instrument is in no sense a chattel mortgage, but simply a mortgage of the realty, with such articles as are attached to it in such manner as to be properly fixtures. It follows, of course, that it was neither the duty of the mortgagee to cause the instrument to be recorded as a chattel mortgage, nor would it have been proper for him, upon any facts shown in the case, so to do. There was, therefore, no negligence on the part of the plaintiff, by which the defendant lost any right.

The other question relates to the land mortgaged. At the time the mortgage was given, there was an outstanding power-of-sale mortgage, executed by Munson on April 10, 1866, to one Felton. That mortgage was assigned to the plaintiff after the mortgage before referred to was made to him. And, as the facts find, he sold the mortgaged property in accordance with the power of sale, for the amount due on the mortgage note, and the expenses of sale.

It is agreed that the description of the land in the mortgage deed to Felton, which refers to and adopts the description of the land in a mortgage from Munson to Metcalf, recorded in the registry of deeds, " to which reference is hereby made for description," is erroneous, by reason of the omission of one of the courses ; and that the description cannot be applied to the land.

It is not necessary for us to determine whether, taking the entire description together, there is not sufficient to identify the premises intended to be conveyed. Nor is it necessary to determine whether such deed might, by proper proceedings, be reformed, so as to express the real contract of the parties ; nor to determine whether it is absolutely void. If, in the mortgage to the plaintiff, there was described any land which was not described in the mortgage to Felton, and which this plaintiff would be entitled to hold notwithstanding that mortgage, or if the mortgage to Felton was absolutely void, so that the plaintiff took the whole title to the land under his mortgage, or a title to a portion of it not covered by the mortgage to Felton, the land still remains, and, without regard to his security upon that land, the plaintiff has the right to demand payment of his note of the defendant. If there is collateral security in whole or in part, which may properly be applied to the payment of the note in suit, the right of the defendant to be subrogated to the rights of the plaintiff, in relation to such security, is in no manner affected by the decision of this suit.

The result, therefore, is that the plaintiff is entitled to recover the full amount of the note, and it is for the defendant to determine whether, in law or in equity, he has any rights which may be made available to him under the mortgage to the plaintiff.

*Judgment for the plaintiff.*