EDWARD N. MERRILL and another *vs.* PHILENA WYMAN.

Somerset. Opinion August 3, 1888.

*Trover. Fixtures. Machinery. Mortgage.*

A grantor conveyed a mill privilege by metes and bounds and in the same deed, by a distinct clause, he also conveyed "the machinery and its appurtenances of the grist mill, . . . with the right to use said machinery in said mill for two years from this date free from rent." This mill was not within the metes and bounds of the privilege conveyed. As a part of the same transaction the grantee gave a mortgage back to secure the payment of the purchase money. *Held* that this transaction made the machinery personal property, whatever it may have been before.

ON report, upon the following agreement:

"Case reported to the law court, upon so much of the testimony as either party desires to have reported, for determination of the question of title. If the court find the title to the elevator belt to be in the plaintiffs, judgment to be rendered upon the verdict; if the title be found otherwise the verdict to be set aside and judgment entered for defendant."

The opinion states the material facts.

*Merrill and Coffin*, for the plaintiffs, cited: *Hunt* v. *Bay*

*State Iron Co.* 97 Mass. 279; *Pierce* v. *Emery*, 32 N. H. 484; *Haven* v. *Emery*, 33 N. H. 66; *Fifield* v. *Maine Central R. R. Co.* 62 Maine, 77; *Crippen* v. *Morrison*, 13 Mich. 35; *Sowden* v. *Craig*, 26 Iowa, 156; *Russell* v. *Richards*, 10 Maine, 429; *Hilborne* v. *Brown*, 12 Maine, 162; *Dame* v. *Dame*, 38 N. H. 429; *Bank of Lansingburgh* v. *Crary*, 1 Barb. 547; *Warren* v. *Leland*, 2 Barb. 613; *Kingsley* v. *Holbrook*, 45 N. H. 313; 1 Wash. R. P. 9, 14-20; Ewell, Fixtures, 270; Field's Lawyer's Briefs, 294; *Smith* v. *Bryan*, 5 Md. 141 (59 Am. Dec. 104); Taylor's Landlord & Ten. 426, 427; 2 Kent. Com. 243-4; *Davis* v. *Buffum*, 51 Maine, 160; *Coombs* v. *Jordan*, 2 Bl. & Ch. (Md.) 284 (22 Am. Dec. 236); *Elwes* v. *Maw*, 3 East. 38; *Van Ness* v. *Pacard*, 2 Pet. 137; *Whiting* v. *Braston*, 4 Pick. 310; *Harkness* v. *Sears*, 26 Ala. 493 (62 Am. Dec. 742); *Finney* v. *Watkins*, 13 Mo. 291; *Ombony* v. *Jones*, 19 N. Y. 234; *Kelsey* v. *Durkee*, 33 Barb. 410; *Holmes* v. *Tremper*, 20 Johns. 29; *Teaff* v. *Hewitt*, 1 Ohio St. 511 (59 Am. Dec. 634); *Guthrie* v. *Jones*, 108 Mass. 191; *Moore* v. *Wood*, 12 Abb. 393; *Holbrook* v. *Chamberlain*, 116 Mass. 155.

*Walton and Walton*, for defendant.

The question first presented is whether or not the instrument is a mortgage of personal property.

"Whether it is or not depends on the intention of the parties to be collected from the whole instrument." *Bacon* v. *Bowdoin*, 22 Pick. 405.

"To determine this it is proper to look at the entire contents of the instrument. Taking the entire instrument it will be seen that in form and substance it is a mortgage of real estate, that it is a grant to the grantee and his heirs and that it contains covenants not personal only, but covenants which run with the land, with the usual *habendum* in conveyances of real estate. So far, therefore, as the form is concerned, it is a deed of real estate." *Allen* v. *Woodard*, 125 Mass. 400.

The mortgage from Draper to Wyman, beyond any question, was to include the property conveyed by Wyman to Draper. Webster's Dictionary, "Premises;" Rapalje's Law Dict. Vol. 2,

"Premises." *Berry* v. *Billings*, 44 Maine, 416; *Swanton* v. *Crooker*, 49 Maine, 459.

Here there was a present interest granted in the property, before its severence, and with it the right to have it remain as situated for two years free of rent with the right to draw water from the pond to run said machinery during said two years.

It was therefore a conveyance of real estate, of an interest in land and water. *Bacon* v *Bowdoin*, 22 Pick. 401; *Allen* v. *Woodard* 125 Mass. 400; *Lamson* v. *Patch*, 5 Allen, 586; *White* v. *Foster*, 102 Mass. 375; *Hagar* v. *Brainerd*, 44 Vt. 294.

. This belting was purchased by the mortgagor Draper, after he had given the mortgage and was by him cut and fitted to the machinery mortgaged. Being so cut and made and thus peculiarly fitted for use upon this machinery and thereto applied and this machinery as we have seen being mortgaged real estate, the belting was therefore, annexed to the mortgaged property as a fixture. *Farrar* v. *Stackpole*, 6 Maine, 154; *Trull* v. *Fuller*, 28 Maine, 545; *Parsons* v. *Copeland*, 38 Maine, 537.

While Draper occupied the land and the mill for two years by virtue of the conveyance of Wyman to him he did not occupy as tenant; he paid no rent and his occupation was by virtue of an interest in the real estate which he had received by conveyance and any addition or improvement made by him to his machinery came under the rule of mortgagors affixing fixtures to their own property mortgaged as security and thus evidently intended to be permanent. *King* v. *Johnson*, 7 Gray, 239; *Butler* v. *Page*, 7 Met. 40.

"If a lessee mortgages his leasehold estate, the same rules in relation to fixtures upon the estate apply as between him and his mortgagee that would apply if he owned the estate in fee." Jones on Mortgages, Vol. 1, § 439, citing, *Ex parte Bently*, 2 M. D. & De. G. 591; *Ex parte Wilson*, 4 Dea. & Chit. 143; S. C. 2 Mont. & Ayr. 61; *Shuart* v. *Taylor*, 7 How. (N. Y.) Pr. 251; *Ladley* v. *Creighton*, 70 Penn. 490.

Being so annexed by the mortgagor it was as fully covered by the mortgage as though a part of the mortgaged property at the

time the mortgage was written. *Corliss* v. *McLagin*, 29 Maine, 115; *Parsons* v. *Copeland*, 38 Maine, 537; *Winslow* v. *Ins. Co.* 4 Met. 306; *Clary* v. *Owen*, 15 Gray, 522; *Lynde* v. *Rowe*, 12 Allen, 100; *Paper Co.* v. *Servine*, 130 Mass. 511; Jones on Mortgages. Vol. 1, § 444; *Ottawa Mill* v. *Hawley*, 44 Iowa, 57; *Hurt* v. *Sheldon*, 34 Hun. (N. Y.) 38; *Bank* v. *Kercherol*, 65 Mo. 682; *Green* v. *Phillips*, 26 Gratt. (Va.) 752; *Wood* v. *Whelen*, 93 Ill. 153; *Foundry Works* v. *Gallentine*, 99 Ind. 525; *Bowen* v. *Wood*, 35 Ind. 268.

In *McConnell* v. *Blood*, 123 Mass. 49, the court say, "Whatever is placed in a building by the mortgagor to carry out the obvious purpose for which it was erected, or to permanently increase its value for occupation, becomes part of the realty, though not so fastened that it cannot be removed without serious injury either to itself or to the buildings.

Now in the case at bar could this belting purchased as a strip of one hundred and twelve feet with the cups already attached and cut into three belts and fitted to the machinery (already mortgaged) be considered as furniture or anything else than a permanent addition to this machinery? Most certainly not. See also *Bank* v. *Exeter Works*, 127 Mass. 542; *Lapham* v. *Norton*, 71 Maine, 83; *Wight* v. *Gray*, 73 Maine, 297.

In *Burnside* v. *Twitchell*, 43 N. H. 390, the court say that leather belting purchased by a mortgagor after the giving of the mortgage and applied and used by him in a mill erected upon the mortgaged property after the mortgage was given where the mill is so constructed that it can only be operated by such belts connecting the several parts of the machinery with the motive power, will be held by the mortgagee.

These belts replaced at least one belt removed. This makes a stronger case for the defendant. *Bowen* v. *Wood*, 35 Ind. 268 and other cases before cited.

DANFORTH, J. This is an action of trover in which the only question involved is the title to the elevator belting sued for. The plaintiffs claim it as personal property under a chattel mortgage from Jerome B. Draper duly recorded October 13, 1885. The

defendant claims title as administratrix under a real estate mortgage from the same Jerome B. Draper to Thomas J. Wyman, her intestate, dated November 19, 1883, which was duly recorded as a deed of real estate, but not as a mortgage of personal property. It therefore becomes a material question whether this belting was real estate or personal property. Upon this question we have but little pertinent testimony in the report of the case, except such as may be derived from the acts of the parties ; but that must be decisive if from them we can ascertain their intention upon this question.

It seems that by deed of warranty dated November 19, 1883, the defendant's intestate conveyed to Draper, the plaintiffs' grantor, an unoccupied mill privilege described by metes and bounds. In the same deed in a distinct clause, he conveyed "the machinery and its appurtenances, of the grist mill, . . . with the rights to use said machinery in said mill for two years from this date free from rent." This mill was not within the "metes and bounds" named in the deed, nor was it, except the two years use, conveyed by any description. At that time there was an elevator belt in the mill used in connection with the machinery, but whether as appurtenant to, or an independent part of it, does not appear ; and perhaps it is immaterial for in either case it would pass by the deed. Subsequent to the deed this belting was removed, though left in the mill, and that in question, of greater value put in. On the same day and as a part of the same transaction the mortgage under which the defendant claims was given to secure the purchase money.

From this transaction we have no doubt the parties intended to, and did make. this machinery and its appurtenances, personal property, whatever it might have been before. It was not, as in *Allen* v. *Woodard*, 125 Mass. 400, included in the description as a part of the real estate. On the other hand it was described in a separate clause and the building in which it was situated and of which it must have been a fixture, if of any, was not sold, but referred to as descriptive, or an identification, of the machinery, thus making a complete separation between that and the building. The sale and transfer of the machinery was immediate

and complete. True, the use of the mill was transferred, but it was only the use for a limited time, and that rather as a lease of the building in which to operate the machinery for the purpose of profit; and not as in *White* v. *Foster*, 102 Mass. 375, as necessary to keep it in existence. The machinery was not, as growing trees, an inherent part of the land, or even of the building, though it might have been fixture, and thus a part of the real estate. But as such fixture it is easily distinguishable from the building, and separated from it by a description, as the building may be from the land and thus rendered personal property as is often done. It is therefore immaterial whether the mortgage under which the defendant claims, covered this belting, as it was not recorded as a chattel mortgage and it is conceded that the plaintiffs had no knowledge of its existence.

In accordance with the provision in the report the entry must be.

*Judgment on the verdict.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and FOSTER, JJ., concurred.