ELIZABETH SHINN, Defendant in Error, v. THE GUYTON & HARRINGTON MULE COMPANY, Plaintiff in Error.

Kansas City Court of Appeals, November 7, 1904.

1. **LANDLORD AND TENANT: Pleading: Misjoinder: Damages.** An action for rent may be joined in the same petition with an action for damages for injury to the rented premises if they are stated in separate counts.

2. **CONTRACT: Principal and Agent: Scienter.** If a principal sue on a contract made by an agent he must accept the whole contract as made and may not reject portions on the grounds that they were beyond the authority of the agent; and the fact that at the time of instituting the action he did not know of the unauthorized parts, can make no difference.

3. **LANDLORD AND TENANT. Damages to Premises: Assignment.** Where, after the lessor assigns the contract to his vendee the tenant commits waste on the leased premises, no assignment of the cause of action to the vendee is necessary.

Error to Clinton Circuit Court.—*Hon. A. D. Burnes,* Judge.

REVERSED AND REMANDED.

*John A. Cross* for plaintiff in error.

(1)   The court erred in overruling defendant's demurrer to the petition for the reason that there is a misjoinder of causes of actions stated therein, which is not permitted by the statute.  R. S. 1899, sec. 593. And it is good ground of demurrer.  R. S. 1899, sec. 598; Jamison v. Copher, 35 Mo. 483; Ederlin v. Judge, 36 Mo. 351.   (2)   The court erred in overruling defendant's motions filed before and at the close of the evidence, asking for an order, requiring plaintiff to elect upon which count in the petition she would ask the verdict of the jury.  Southworth Co. v. Lamb, 82 Mo. 242. (3) Defendant's peremptory instruction, offered at the close of the evidence, to find for it on the second count of the petition, should have been given for the reasons that there was no assignment of the lease contract to the plaintiff, and under the law and the evidence in the case she was not entitled to sue for or recover damages on said count, and had no right of action thereon. (4)   Plaintiff brings her suit as the assignee of A. J. Shartzer, on the contract made by Geo. W. Shinn leasing the farm to defendant, and thereby ratifies said contract in its entirety, and must now abide by the contract *in toto,* and incur the hardships as well as the benefits of the same.  For one of the most unequivocal methods of showing ratification of an agent's act is the bringing of an action at law based upon such act. Shoniger v. Peabody, 57 Conn. 42; Bailey v. Patridge, 134 Ill. 188; Bissell v. Dowling, 117 Mich. 646; Osborn v. Jordan, 52 Neb. 465; Mechem's Agency, sec. 151. And she is affected by and is subject to every defense which the other party may have. Mechem's Agency, sec.

775. (5) It is contended for the plaintiff that she can affirm the contract of leasing in part and repudiate it in part; tha̧t is, that the contract is to be treated as good for the agreed rent but bad as to the agreed mode of payment. But the law requires a contract to be affirmed or repudiated in its entirety. Newell v. Hurlbut, 2 Vt. 351; Shepard v. Pacer, 6 Conn. 100. (6) The existence of the contract can not be affirmed to promote thȩ purpose of a recovery, and at the same time be treated as a nullity in order to shut out the defendant from a defense otherwise open to him. Smith v. Hodson, 4 Term Rep. 211; Beidman v. Goodell, 56 Iowa 592; Smith v. Plummer, 5 Wheat. 98, 34 Am. Dec. 530; Whitlock v. Heard, 3 Rich. 88; Glass Co. v. Wolcott, 2 Allen 227, 79 A. M. 787; Butler v. Hindreth, 5 Met. 49; Marsh v. Pier, 4 Rawle 273, 26 Am. Dec. 101.

*E. C. Hall* and *F. B. Ellis* for defendant in error.

(1) It is first claimed by defendant that there is a misjoinder of causes of action, that it is an attempt to unite an action *ex contractu* with *ex delicto*. We do not think the objection well taken. It is one and the same transaction. The law does not allow the splitting of causes of action. It abhors a multiplicity of suits. A plaintiff may unite in the same petition several causes of action, whether legal or equitable, or both, where they arise out of the same transaction and are connected with the same subject of action. R. S. 1899, sec. 593; Morrison v. Huntington, 120 Mo. 62; Mc-Harney v. Ins. Co., 44 Mo. App. 426; Brown v. Chadwick, 32 Mo. App. 615; Spangler v. Kite, 47 Mo. App. 230; Wilson v. Railroad, — C. T. App. 445; Paddock v. Somers, 102 Mo. 236; Donahue v. Bragg, 49 Mo. App. 273; Pepkin v. Nat. Co., 80 Mo. App. 1. (2) The second contention of the defendant is that Elizabeth Shinn is bound by the contract made by George W. Shinn, who

was the agent of Shartzer; that she succeeds to the rights of Shartzer, she is bound by the contract Shinn made. We do not care to discuss this proposition and we do not think this is decisive of plaintiff's case. However, the authority of Shinn and the contract that he made was submitted to the jury on instructions exceedingly favorable to the defendant. This being the case the court is not authorized to reverse the case upon these grounds alone. It was a question for the jury, and where there is any evidence of a controversy it must go to the jury. Where there is a question on each side of a proposition it must be left to the jury to see which side is true. Reed v. Railroad, 94 Mo. App. 71; Cris v. Nimmons, 92 Mo. App. 66. (3) An agent has no authority to pay his own debt with his principal's money, and in this case there was no ratification by Mrs. Shinn. She informed the defendant that George Shinn had no such authority. Besides, if the jury believed Shartzer they knew Shinn did not own the land. This company knew that Shinn had no right to take Shartzer's money to pay a debt he owed to Guyton. Silvers v. Hess, 47 Mo. App. 507; Meyes v. Tailoring Co., 58 Mo. App. 497; Kelley v. Thuey, 102 Mo. 529. If Shinn exceeded his authority and the defendants knew it, they could not take advantage of his wrong. Taylor v. Marshall Co., 60 Mo. App. 397; Bush v. Brown, 101 Mo. 586.

ELLISON, J.—This action is based on a contract renting a farm to defendant at the sum of $850, and for damages alleged to have been done to the farm by defendant while occupying it as tenant. Each claim was set out in a separate count. The defendant demurred to the petition on the ground of improper joinder of causes of action. The demurrer was overruled and defendant then asked that plaintiff be required to elect upon which count he would rely. This was also over-

ruled and defendant thereupon answered. The verdict was for the plaintiff.

The evidence tended to show that George W. Shinn owned the land and in June, 1901, sold it to A. J. Shartzer. While Shinn was yet in possession, Shartzer authorized him to rent it to this defendant and he did so by verbal letting for one year from the following March, 1902. Afterwards, March 10, 1902, Shartzer sold the land to this plaintiff and assigned the verbal lease to her upon which this suit is brought. The evidence establishes without contradiction that Shinn made the contract of renting with defendant as the agent of Shartzer. But as to the terms of the contract the evidence is in conflict. In defendant's behalf, it tends to show that Shinn rented the land for $850 with the agreement that a note of Shinn's to one of the defendant company for $200 was to be accepted in part payment and that Shartzer was to put in a new windmill, or, if he failed to do so, defendant should put it in and deduct the cost of it from the rent. In plaintiff's behalf it tended to show that the land was rented for pasture only. That the old windmill was to be repaired, but not a new one to be put in. It further tended to show that defendant promised to pay plaintiff all the $850 agreed to be paid, save the $200 note George Shinn owed. That no claim was made for a windmill. That defendant tore away some of the fencing and broke out some grass land which had been rented for pasture.

The foregoing is but a general statement of the substance of the evidence. It is, however, sufficient for an examination of the law points presented for consideration.

In the first place, there was no misjoinder of causes of action in one petition; each cause was separately stated and arose out of the same transaction and were connected with the same subject. [Morrison v. Her-

rington, 120 Mo. 665; R. S. 1899, sec. 593.] The court's ruling thereon was correct.

The first count of the petition is based on a verbal contract for money rent due on land rented for pasture. The contract was made with an agent and so long as plaintiff relies upon such contract as the foundation of her cause of action, she must accept it as made; she not having the right to select such portions as she likes for acceptance and to reject other portions on the ground that the latter were not within the authority of the agent who made the contract. Instructions were given in plaintiff's behalf, the effect of which was to authorize the jury to reject certain portions of the contract made, on the ground that Shinn as Shartzer's agent, had no authority to bind the latter as to those portions. These were wrong. If plaintiff adopts the contract she must adopt it as a whole. [Porter v. Woods, 138 Mo. 539, 552; State ex rel. v. Harrington, 100 Mo. 170; Nichols v. Kern, 32 Mo. App. 1.]

In bringing an action upon a contract made by an agent the terms of which plaintiff knew, she thereby ratified the contract so made. [Showinger v. Peabody, 57 Conn. 42; Bailey v. Pardridge, 134 Ill. 188; Bissell v. Dowling, 117 Mich. 646; Osborn v. Jordan, 52 Neb. 465; Billings v. Mason, 80 Maine 495; Hyatt v. Clark, 118 N. Y. 563.] It may be suggested that at the time plaintiff instituted this action she did not know of the terms of the contract she insists now were unauthorized. But she is still claiming the right to enforce the part she admits is authorized. The contract as made by her assignor's agent is the only contract which defendant made and it is the only one upon which it can be held; and to be held on any part, it is entitled to all of its parts. A principal who finds himself represented by an agent in an unauthorized manner, need not lose his property if it has been appropriated, nor his rights if they have been transgressed. But his remedy is not through the unauthorized contract. From the foregoing

it will be seen that so long as plaintiff insists on the action on the contract, the only proper issue is, what was that contract, and not whether it was one which the agent was authorized to make.

We may remark as to plaintiff's count for damages done to the place that defendant's suggestion that the cause of action therefor had not been assigned to the plaintiff and therefore she had no cause of complaint, is not important. The damage done to the land, if any, was after the contract of renting and after the sale of the land to plaintiff. In that view she did not need an assignment.

The judgment is reversed and the cause remanded. All concur.