**BENNETT v. McKRELL.**

No. 3782.

Court of Civil Appeals of Texas. El Paso.

Jan. 19, 1939.

Rehearing Denied Feb. 23, 1939.

Butler & Grimes, of Robstown, for appellant.

Perkins & Floyd, of Alice (Frank T. Morrill, of Alice, on the brief), for appellee.

WALTHALL, Justice.

The material facts in this case are substantially as follows, but stated more fully than we state them here:

On the first day of January, 1921, the appellant, Frank Bennett and his wife, Mary Bennett, resided upon a twenty-acre farm near Premont in Jim Wells County, Texas. The appellee was a farm hand, seeking labor and was employed by the appellant to assist on this small farm where a dairy was conducted, for a monthly salary of twenty-five dollars. Under this arrangement appellee worked for appellant for two months and then was advised by appellant that he could not continue to employ him as a farm hand at this wage.

The appellant and his wife, Mary Bennett, had no children. After appellee worked for them for two months they made him the proposition that if he would continue upon their farm they would jointly accumulate additional property, increase their herd of dairy cattle, and that all property so accumulated would be owned by them jointly (presumably one-third each). They further stated to appellee that they had no children and that if he would continue with them during the remainder of their lives they would cause him to receive all of the property they then owned, as well as their part of any additional property that they jointly might accumulate.

With this arrangement, the appellee continued on the farm of the appellant for a

period of sixteen years. Subsequent to January 1, 1921, a number of small tracts of land were sold for taxes in the Premont community, and the appellant, Frank Bennett, purchased six five-acre tracts at tax sale, and ten other tracts from other people in the community. The appellee, Clifton McKrell, alleged that these sixteen tracts of land were purchased pursuant to his oral agreement with Frank Bennett and his wife, Mary Bennett, and further alleged that the consideration therefor was the proceeds of the sale of cream produced on the farm where appellee worked with appellant. The testimony of appellee with reference to the paying for this property with the proceeds of cream checks was not disputed by the appellant, Frank Bennett. These purchases aggregated sixteen five-acre tracts or a total of eighty acres of land. The herd of cattle at the time of this trial had increased to twenty cows and sixteen calves.

Mary Bennett, the wife of Frank Bennett, departed this life on October 1, 1934, testate, leaving all of her property to the appellant, Frank Bennett. Appellee, Clifton McKrell, alleged and testified that this will was made without his knowledge and that the first information that he received with reference to it was sometime prior to the institution of this suit.

After the death of Mary Bennett, the appellee, Clifton McKrell, continued performing his contract with the appellant, Frank Bennett, until December 15, 1937, when the appellant, Frank Bennett, forced him to leave the premises.

Appellee alleged that on the 19th day of May, 1937, while he was performing his contract, the appellant, Frank Bennett, made and executed a deed to Robert I. Cauble, Winnie A. Cauble and George E. Bennett, conveying them all of the lands and premises owned by the said appellant at the time appellee entered into his contract with him and all of the other lands acquired by the appellant and appellee.

Appellee alleged this deed was made for the purpose of defrauding him. In the deed the appellant either reserved a life estate or obtained a lease for life from the grantee therein named. In other words, appellee alleged, and was uncontradicted by the evidence offered, that the appellant conveyed all of the property acquired pursuant to his agreement with appellee to Robert I. Cauble, Winnie A. Cauble and George E. Bennett to take effect upon his death.

After this suit was filed the said defendants, Robert I. Cauble, Winnie A. Cauble and George E. Bennett, executed a deed to Frank Bennett, conveying back to him the property acquired through the deed above referred to. That was after appellee filed this suit asking for an injunction restraining them from disposing of the property.

By this suit appellee seeks to enforce his oral contract against appellant, Frank Bennett, individually and as sole devisee under the will of his deceased wife, Mary Bennett; for damages by reason of the breach of this contract to will him his interest in this property or to otherwise cause it to pass to appellee at his death. In addition to this, appellee seeks by this suit to establish his right in one-half of the property acquired pursuant to the oral agreement in January, 1921. Pleading in the alternative, if he cannot recover upon his oral contract for damages by reason of the breach thereof against appellant individually and as devisee as aforesaid, he asks for judgment in quantum meruit for $10,000 being the reasonable value of his services rendered to and accepted by appellant, Frank Bennett, together with interest at the rate of six percent per annum. The defendants Robert I. Cauble, Winnie A. Cauble and George E. Bennett filed an answer through the same attorneys who represented the appellant, Frank Bennett, setting up that they had conveyed the property back to the defendant Frank Bennett. The defendant Frank Bennett answered by plea in abatement, general demurrer and many special exceptions, in substance, that no contract was made, and if so, it was without consideration; that if there was a consideration it failed; that appellee's services were worthless; several statutes of limitation; and that appellee stood by on the premises and permitted the property to become valuable and permitted a contract to be made thereon; and the statute of frauds. Also he pleaded a cross-action to clear the title of the claims asserted by appellee.

The court overruled the dilatory pleas, general demurrer and special exceptions of the appellant to the appellee's petition, and heard the evidence as offered by both sides. After both sides rested their case the appellant filed a motion with the court for an instructed verdict, and the court sus-

tained the same as to the cause of action wherein plaintiff sought to enforce a parol contract with the appellant, Frank Bennett, and wife, Mary Bennett, to will him their property upon their death or for damages in lieu thereof, and overruled the same as to that portion of the cause of action wherein appellee sought to recover the alleged equitable interest in property acquired under said parol agreement, and submitted said cause to the jury upon special issues. The court also submitted to the jury such issues as were necessary to obtain a verdict upon the alternative plea of quantum meruit.

The jury found in response to the questions submitted to them, that an agreement was made between appellant and appellee that if appellee would work for them as a farm hand for the remainder of their lives that they would will him their property upon their death; that appellee entered upon said premises and performed services pursuant to such agreement; that there was an agreement between appellant and his wife, Mary Bennett, and appellee, that they would jointly work on the farm and by their joint efforts and earnings acquire property which would be owned by them jointly; that they thereafter acquired real and personal property pursuant to such agreement; that the sixteen tracts of land purchased in the name of appellant, Frank Bennett, since the date of said agreement were acquired pursuant to such agreement; that the house and other improvements on the land owned by appellant at the time such contract was made, were also so acquired; that all of the livestock and machinery on the property were so acquired pursuant to such agreement; that the appellant, Frank Bennett, breached the contract that was made and as found by their answer to special issue No. 1; and that $12,000 would be a fair and just compensation for the services rendered by appellee to appellant.

In response to special issues requested by the appellant the jury found that the value of the food, clothing, home and spending money furnished by appellant and wife to appellee during said time that he worked for them was $2,000; that Frank Bennett breached the agreement with appellee in December, 1937, and that appellee did not agree to work for appellant, Frank Bennett and wife, Mary Bennett, for board, room, home and spending money, which they found were furnished by appellant,

Frank Bennett. The jury found further, in response to special issues submitted, that appellee did not breach his agreement with appellant, Frank Bennett and wife, Mary Bennett.

In response to special issues requested by the appellee, Clifton McKrell, the jury found that the appellee, Clifton McKrell, acquired one-half of the property found by the jury and answered in Special Issue Number 5 of the main charge.

Although the court granted the motion of the appellant for an instructed verdict on that portion of the cause of action for damages for breach of a parol contract, the court, as it will be noticed from the foregoing issues, submitted the issue of whether or not such an agreement was made and performed as a basis for a finding necessary to support the plea of quantum meruit. The court, in making up his judgment thereafter, based upon the verdict of the jury, sustained the finding of the jury on the contract as to the property acquired in trust for the benefit of appellee, and refused to grant appellee any relief upon his plea of quantum meruit, assigning as a reason therefor, that since he recovered upon his express oral contract, he could not recover upon his implied contract. To this action of the court the appellee excepted and presents this ruling as a cross-assignment to the court for review.

### Opinion.

Appellant assigns as error the overruling of his plea in abatement to appellee's cause of action, the plea asserting that appellee's suit was prematurely brought, in that appellee's pleadings allege an undivided one-half interest in the properties, while all the pleadings show that appellant had at least a life estate in the properties sued for.

Appellee alleged a present right under the contract pleaded to recover an interest in property jointly acquired by himself, appellant and Mary Bennett, and a present right to recover an interest owned by Mary Bennett at the time of her death.

The contract alleged was substantially as follows: That they (appellant and Mary Bennett) stated to appellee that it was imperative and necessary that they have appellee or some one else to perform the labor for them that appellee had been performing during such two months period, and then and there stated to appellee that they had no children and no natural heirs, and

that if appellee would continue his efforts with them during the remainder of their lives they all three would care for, maintain and continue residing upon the lands and premises hereinabove described, improve the same from time to time, increase the herd of dairy cattle, and by their joint efforts they would acquire additional property, and that if appellee survived them, they would cause the property they then owned and thereafter acquired to be passed to appellee as their heir, or that they would will it to appellee and that appellee would receive the same as a reward for his services to them should he live longer than they; that it was further agreed between them that any property acquired by them would be taken in the name of Frank Bennett, in trust for the use and benefit of appellee, Frank Bennett and Mary Bennett; that such property would likewise pass to and be willed to appellee by Frank Bennett and Mary Bennett, should he (appellee) survive them; that all the property then owned by Frank Bennett was the community of himself and his wife, Mary Bennett. It is alleged that appellee accepted the proposition so submitted to him by Frank Bennett and wife, Mary Bennett.

Appellee further alleged, in substance, that in 1937, after the death of Mary Bennett, appellant breached and repudiated the agreement, and thereby lost the contractual right to manage and control appellee's portion of the property jointly acquired pursuant to the above stated agreement, and thereby entitled appellee to the immediate possession and control of his portion of such jointly acquired property. Appellee alleged that under said agreement he became entitled, upon the death of Mary Bennett, to one-half of the property owned by her at the time the agreement was made, as well as one-half of her interest in the property jointly acquired pursuant to the agreement to jointly acquire additional property, and further alleged that he is entitled to a residual interest in all the property owned by appellant at the time the agreement was made, as well as all his interest in the property jointly acquired pursuant to the agreement.

The court denied recovery on all aspects of appellee's case except that pertaining to the alleged trust property.

As sustaining his contention that the suit was prematurely brought, appellant refers us to Wagnon et al. v. Wagnon,

Tex.Civ.App., 16 S.W.2d 366; 1 Tex.Jur. p. 685, par. 67; 28 Tex.Jur. p. 56; 36 Tex.Jur. p. 880. We have reviewed the above references and have concluded they have no application to the facts of the instant case.

The jury found the facts to be as stated in the agreement. We have stated the agreement and need not here state the facts in detail. They found that the parties entered upon the premises and performed the services provided for in the agreement; that in March, 1921, with their joint earnings they would acquire property which would be owned by them jointly, and that they did thereafter acquire the property, real and personal, involved here, pursuant to said agreement; that appellant has breached the agreement. The jury made other findings not necessary to state here.

■ Immediately upon the purchase of the property with the joint or common funds of the parties the interest vested in each severally as provided in the agreement. Depositing the title in appellant, simply and only that the legal title might be held in him, was more in the nature of a bailment, and when the bailee or trustee breached the agreement to take and hold the property for the use and benefit of appellee, but conveyed it to others, the appellee, we think, was not premature in filing this suit.

■ Appellant submits error to the overruling of his plea in abatement on the ground of misjoinder of causes of action, one cause of action being for the breach of a parol trust to convey land, and one cause of action being for a breach of contract to make a will to the same land.

We have stated the agreement for the breach of the terms of which this suit is brought. We have concluded that no misjoinder of causes of action is shown. It is manifest that the rights of appellee grow out of the same transaction. The rule against multifariousness or forbidding the misjoinder of causes of action is a rule of convenience and expediency, and should be construed with reference to the broader policy which enjoins the avoidance of a multiplicity of suits. To permit the maintenance of the two causes of action could occasion no delay, no confusion, and we are unable to see how it could work any harm to appellant; by allowing the

maintenance of the action in the form as brought, the convenience of the parties and the court was subserved and a multiplicity of suits avoided. The points submitting error are overruled. St. Louis Southwestern Ry. Co. v. Hengst et al., 36 Tex.Civ.App. 217, 81 S.W. 832; San Antonio & A. P. Ry. Co. v. Griffin, 20 Tex. Civ.App. 91, 48 S.W. 542; Craddock v. Goodwin, 54 Tex. 578, 582; Shinn v. Guyton & Harrington Mule Co., 109 Mo.App. 557, 83 S.W. 1015; Heman v. Larkin, 108 Mo.App. 392, 83 S.W. 1019.

Appellant's fourth proposition, we think, is without merit. Appellee's pleading seeks to recover the property as a tenant in common, and the pleading was not subject to the demurrers presented and overruled. Article 2580, R.C.S., apparently relied on by appellant, converts the common law joint-tenancy into a tenancy in common. The judgment of the court denied appellee recovery on all aspects of the case except that pertaining to property jointly acquired.

The judgment of the court having denied appellee any recovery based upon the alleged contract to devise property, and denied any recovery on his suit in the alternative on quantum meruit, and having restricted appellee to a recovery of his interest in the jointly-acquired property, and denied him any recovery, present or future, in any property owned by appellant and Mary Bennett, renders several propositions of appellant immaterial.

■ The court was not in error in refusing to submit appellant's special charge reading: "You are instructed that deeds to land pass the legal title from the grantor to the grantee and the parties to such deeds are presumed to have intended that they should have that effect, and if the other evidence is sufficient to overcome that presumption and reasonably satisfies you that a trust was intended, then you should find a trust." The charge was a general charge, not a definition of any term, and the case was submitted on special issues. Speer's Law of Special Issues in Texas, page 188, Sec. 138; Kemper v. Police & Firemen's Ins. Ass'n, Tex. Com.App., 48 S.W.2d 254; McFaddin v. Hebert, 118 Tex. 314, 15 S.W.2d 213. Appellant's propositions thirteen and twenty-two, complaining of the court's refusal to submit special charges, are immaterial and harmless and are overruled.

■ As we view the theory of appellee's suit for a joint possession of the premises by appellant and appellee, and the evidence being that appellee was in possession with appellant as trustee until after the suit was filed, there was no issue in the case of limitation, laches or estoppel, and we need not discuss appellant's propositions 14, 15, 16, 17, 18, 35, 36 and 37. They are overruled. The tract owned by appellant prior to the joint acquisition of the lands involved here in 1926 and 1932, was not impressed with the trust.

■ Mary Bennett died in 1934. There was no evidence that she breached the agreement with appellee, except by her will, assuming there was such agreement as pleaded by appellee and as found by the jury. The evidence is clear that appellee was on the premises performing his duties, under the agreement and as found by the jury, at the time of her death and after her death. She made her will to appellant in violation of the agreement as to the jointly acquired property, but the evidence is clear that appellee had no notice of the execution of the will until just before this suit was filed, and the court denied appellee recovery on the agreement to devise. It was not error to give appellant's requested charge number five as having been requested by appellant. St. Louis S. W. Ry. Co. v. Cleland, 50 Tex. Civ.App. 499, 110 S.W. 122; Goodley v. Northern Texas Traction Co., Tex. Civ.App., 144 S.W. 359 error denied.

■ By propositions 25 and 26 appellant complains of the submission of issues 1 and 3 to the jury, over objection, that the entire agreement was not submitted but only a portion of it, that is, that the issues as submitted split an ultimate issue and did not present the entire contract as pleaded. Appellant refers to many cases as sustaining his contention. Appellant denied that he made any agreement whatever and two ultimate issues therefore arose: first, whether the contract to devise was made, and, second, whether the contract to acquire property jointly was made. The court denied the alleged contract to devise and restricted appellee's recovery to an interest in property jointly acquired. Issue one by reason of the judgment is out of the case, and issue three submitted whether the parties would jointly work on the Bennett farm

and by their joint efforts and earnings acquire property to be jointly owned. It seems to us that the joint purchase and thereby the joint ownership of the property is the ultimate issue under the third question submitted. The point is overruled.

■ The court was not in error, under the evidence, in overruling appellant's motion for an instructed verdict in his favor. While the evidence to establish an express parol trust must be clear and convincing, the preponderance of the evidence rule is the rule to be and was applied in submitting the issues. McBride v. Briggs, Tex.Civ.App., 199 S.W. 341, by the Amarillo Court of Civil Appeals and the many cases there cited; Ellerd et al. v. Ellison et al., 165 S.W. 876, the opinion by Judge Huff of the Amarillo Court of Civil Appeals, in which the question is fully discussed, and many cases from our own courts are cited. In Howard v. Zimpelman, Tex.Sup., 14 S.W. 59, 62, Judge Gaines said that "to tell a jury a parol trust must be proved with certainty is calculated to mislead. 'Certainty' means the 'absence of doubt,' * * * such a quantum of proof is not required in any case."

■ After finding as in issue four that appellant and Mary Bennett and appellee, about March, 1921, thereafter acquired real and personal property pursuant to said agreement, the court submitted to the jury to find and answer the particular real and personal property the parties acquired pursuant to said agreement, if any, and to describe the real estate and personal property, which the jury did.

The court decided that appellee have and recover an undivided one-third interest in and to the real and personal property as found and described by the jury.

Appellant submits that since the verdict did not find what specific property was acquired pursuant to the agreement, the judgment was error and not supported by the verdict. As we view it, issue number five, by its very terms, was submitted as a corollary to issue four, and four submitted as a corollary to issue three. The judgment seems to be based upon the verdict. We find no error as contended for overruling the point submitted. Merritt v. King, Tex.Civ.App., 66 S.W.2d 464; Republic Production Co. v. Collins, Tex. Civ.App., 41 S.W.2d 100; Yarbrough v.

Dallas Ry. & Terminal Co., 128 Tex. 445, 97 S.W.2d 169.

Issues not specially discussed have been considered and are overruled.

■ Appellee presents a cross-appeal, and on his cross-assignment, submits that in addition to judgment for property awarded him under issue number five, he should have judgment upon his quantum meruit alternative plea. We overrule the proposition on the theory that a judgment on the quantum meruit in addition to a recovery for property, would be a double recovery, appellee having pleaded and accepted a recovery for the property.

The case is affirmed.