FRANK BENNETT V. CLIFTON MCKRELL.

No. 7569. Decided November 13, 1940.
Rehearing overruled December 18, 1940.
(144 S. W., 2d Series, 242.)

*J. A. Wood,* of Corpus Christi, and *Butler & Grimes,* of Robstown, for plaintiff in error.

Where the evidence of plaintiff showed that defendant never acquired anything but the surface and one-half of the minerals in the land, and the theory of the suit being that plaintiff was entitled to recover only an undivided one-third interest in the property actually acquired by the defendant pursuant to an alleged agreement to acquire property jointly, it was error for the Court of Civil Appeals to award to plaintiff an undivided one-third interest in all of the surface rights and the minerals in the property in controversy. Hendrick v. Blount-Decker Lbr. Co., 200 S. W. 171; Stillman v. Hirsch, 128 Texas 359, 99 S. W. (2d) 270.

*Perkins & Floyd* and *Frank T. Morrill,* all of Alice, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

The questions presented for decision in this case are of such nature that a short statement will be sufficient to disclose how they arose. A much fuller statement of the case is made in the opinion of the Court of Civil Appeals, which is reported in 125 S. W. (2d) 701.

Defendant in error, Clifton McKrell, sued plaintiff in error, Frank Bennett, individually and as sole devisee of his deceased wife, for specific performance of an oral contract which the jury found was made by McKrell with Bennett and his wife during her lifetime, by the terms of which the Bennetts agreed to devise certain real estate to him, and further agreed that if he would work on their dairy farm without any specified salary or wage during their lifetime, the three of them would accumulate jointly additional property with the income of the dairy farm, that they would increase their herd of cattle, and all property so acquired would be held in Bennett's name, but would

be owned by the three jointly. McKrell began to work for the Bennetts in 1921 and the suit was instituted in 1937, it being his theory that the contract was repudiated by Bennett during that year. He was denied any recovery on his alleged cause of action based upon the contract to devise because same was prohibited by the statute of frauds, Art. 3995, R. C. S. Upon his cause of action based upon the trust agreement, that is to say, the agreement relating to after acquired property, he was awarded a one-third interest in a number of small tracts of land, aggregating eighty acres, and certain live stock, all acquired after such contract was entered into and held in Bennett's name. No contention is presented that this latter contract is prohibited by statute. The Court of Civil Appeals affirmed the trial court's judgment and Bennett filed an application for writ of error.

■ Four assignments of error are brought forward in the application. One assignment presents the contention that the judgment has no support in the verdict, because there was no finding by the jury that any specific property was acquired pursuant to the trust agreement. That assignment is based upon this showing in the record: Special Issue No. One submitted to the jury the question of whether or not the alleged oral contract to devise by will was entered into by the parties. Special Issue No. Two submitted the question of whether McKrell performed any services provided for in said contract. Special Issue No. Three submitted the question of whether or not the alleged contract to acquire property in the future was entered into by the parties. Special issue No. 4 referred to the next preceding issue and then submitted the question of whether or not the parties thereafter acquired real and personal property pursuant to that contract. All the foregoing issues were answered in the affirmative. Then followed Special Issue No. Five, which was in this language:

"If you have answered Special Issue No. 4 'Yes,' then please find and answer from a preponderance of the evidence the particular real and personal property acquired by said parties, if any, pursuant to said agreement, if any, found by you in answer to Special Issue No. 1."

It will be observed that by that issue the jury was not called upon to find what property was acquired pursuant to the trust agreement, but was called upon to find what property was acquired pursuant to the contract to devise. There is no finding that the property described in the judgment was acquired pur-

suant to the trust agreement, and the sufficiency of the verdict to support the judgment is challenged on that account. It was the view of the Court of Civil Appeals that there was an obvious clerical error in Special Issue No. Five in referring to Special Issue No. One instead of Special Issue No. Three. We do not find it necessary to consider that matter. The question presented by the assignment may be disposed of upon a ground concerning which we think there can be no question. An inspection of the record reveals that there was no issue of fact to be determined by the jury as to what property was acquired pursuant to the trust agreement. The deeds to all of the real estate in which an interest was recovered by McKrell are in the record and all were executed subsequent to the making of the trust agreement. The livestock was also acquired after that time. The jury having found that the trust agreement was made, there was no further disputed fact issue to be determined. The record contains no evidence that the property was purchased with funds derived from any source other than from the dairy farm. No duty rests upon a court to submit an issue to a jury as to which there is no dispute in the evidence. The assignment is overruled.

■ By another assignment complaint is made of the holding of the Court of Civil Appeals that the trial court did not err in refusing to submit issues upon the statues of limitation. The assignment is very broad and refers both to the five years and ten years statutes. Considering it in connection with the statement made in explanation and support thereof, it would appear that the question presented is that an issue of fact was raised on the question of whether Bennett had acquired title to this trust property under the five years and the ten years statutes of limitation. We have given the question careful consideration, but can find no evidence sufficient to present such an issue. We need not write at length upon the question, because there is nothing which need be written, except that we are referred to no evidence, neither have we discovered any, which would raise either issue. It seems that the theory is that plaintiff in error was entitled to an affirmative submission of the question of whether McKrell was a hired hand and not a joint adventurer. That question would not be submitted in an issue on limitation. The assignment is overruled.

■ Another assignment complains of the refusal of the trial court to instruct the jury peremptorily to return a verdict that

defendant in error take nothing by his suit. The assignment is based upon the contention that the testimony of McKrell offered to establish a parol trust was uncertain and confusing, and was therefore insufficient to establish such trust in real property. There is some uncertainty about certain phases of the agreement claimed to have been made, but there is positive testimony concerning the terms of this particular phase of the contract. McKrell testified positively that such contract was made. That being true, it cannot be held, as a matter of law, that a peremptory instruction should have been given. The assignment is overruled.

■ One other assignment is brought forward. It complains that the judgment awarded an excessive recovery. It appears that in the deeds whereby Bennett acquired some of these small tracts of land, reservations of one-half of the minerals were made by the vendors. The theory upon which recovery was had was that McKrell was entitled to a one-third interest in whatever was acquired after the contract was entered into. The judgment awards him a one-third interest in those several lots without taking into account the fact that there had been reservations of minerals. Obviously that was an error. Defendant in error freely admits the error, and agrees that the judgment may be reformed here. That portion of the judgment awarding a recovery of an undivided one-third interest in the real estate will therefore be so reformed as to limit the recovery to one-third of the land conveyed in the several deeds to Bennett. An inspection of the record dicloses that reservations were contained in deeds conveying Lots Nos. 56, 57, 72, 73, 87, 88, 89 and 90, Sec. 76, and the judgment will be so reformed as to limit the recovery to one-third of said lots, subject to a prior reservation of one-half the minerals.

Generally such reformation would result in the taxing of all appellate costs against defendant in error, but that result will not follow here, because plaintiff in error did not call the trial court's attention to that error. Had plaintiff in error pointed out same in the trial court, doubtless it would have been corrected there and an appeal to correct same would not have been necessary. The costs of appeal will, therefore, be adjudged against plaintiff in error, notwithstanding the reformation of the judgment here. 11 Tex. Jur., p. 370, Sec. 80, and authorities there cited.

It is ordered that the judgments of the Court of Civil Appeals and the trial court both reformed in the particular above set forth and that, as reformed, they be affirmed.

Opinion adopted by the Supreme Court November 13, 1940.

Rehearing overruled December 18, 1940.