**MacDONALD et al. v. FOLLETT et al.**

**No. 11729.**

Court of Civil Appeals of Texas. Galveston.

Feb. 28, 1946.

Rehearing Denied March 28, 1946.

W. J. Howard, Sewell, Taylor, Morris & McGregor, and Merrill & Scott, all of Houston, and A. R. Rucks, of Angleton, for appellants.

Follett, Henderson & Davis, Floyd Enlow, and Alton C. Arnold, all of Angleton, for appellees.

GRAVES, Justice.

This appeal is from a judgment of the district court of Brazoria County in consolidated causes Nos. 28,765 and 28,998, entered in part on a jury's verdict in response to special issues and in part upon the court's independent findings, awarding the appellee-Folletts against the appellants-MacDonalds undivided halves of the 1/32 overriding royalties, each, in two groups of mineral leases on Brazoria County lands:

(1) What was known as the two Mueller 570-acre leases, and (2) 13 additional mineral leases, on Brazoria County lands; the suits so consolidated were No. 28,765, styled Follett et al. v. MacDonald et al., involving such overriding royalties on the Mueller two leases upon the 570 acres;

And Suit No. 28,998, likewise styled Follett et al. v. MacDonald et al., covering the 13 additional mineral leases on other lands in the vicinity of Old Ocean Lake in that county, obtained in the name of J. L. Poutra, his secretary, by MacDonald between December 20, 1933, and November 28, 1934.

The litigation thus merged into the consolidated cause now at this bar for review, in so far as it applied to the two Mueller leases, was formerly disposed of by this court by judgment rendered November 14, 1943, reported in MacDonald et al. v. Follett et al., 175 S.W.2d 671, and by the Supreme Court in its judgment of affirmance of this court's action, on April 19, 1944, reported in MacDonald et al. v. Follett et al., 142 Tex. 616, 180 S.W.2d 334.

Both this court and the Supreme Court, in those opinions, made full statements of the issues involved in the controversy over the Mueller leases as then before them, hence no further statement here is necessary.

This court upon the former appeal, in so far as is now material, reversed and remanded the cause to the trial court upon a holding that the pleadings and evidence raised an issue of fact for the jury over whether or not a relation of trust and confidence so existed between Follett and MacDonald at the time MacDonald took in his own name alone what are known as the

1938 top (or renewal) leases, under which Follett was entitled to share equally with him in the overriding royalties involved; that judgment, in its cited review thereof, was 'affirmed by the Supreme Court.

Indeed, under the Supreme Court's opinion, the only issue left between the parties as to the two Mueller leases was one of fact as to whether MacDonald had been so under a relationship of trust and confidence toward Follett in respect to the 1937 leases (fully described in the opinion), which was carried into the subsequent 1938 top leases. See 142 Tex. 616, 180 S.W.2d 334, pages 338, 339, paragraphs 8, 9, 10 and 11.

Wherefore, this court's conclusion on the present appeal, in so far as affects those two Mueller leases, is that, if upon the trial of this consolidated-cause that one fact-issue so determined to be left over by the Supreme Court on the former appeal was this time properly submitted to and found by the jury in the Follett's favor, then the judgment for them for the one-half undivided interest in the Mueller leases should be affirmed.

In other words, such judgment of the Supreme Court is the law of this case on that branch of it, and cannot be overturned here: 26 Tex.Jur. 49 and 58, Judgments, Sec. 369 and 374; Frankland v. Cassady, 62 Tex. 418; Walgreen-Texas Co. v. Shivers, Tex.Civ.App., 169 S.W.2d 271; 3 Tex.Jur. 1340, Appeal and Error, Sec. 941; Stanolind v. State, 136 Tex. 5, 145 S.W.2d 569, 570 middle.

The trial court submitted its special issues 1–3 inclusive, as embodying that question, and in so doing, tracked almost literally the Supreme Court's holding that if these three detailed inquiries were answered in Follett's favor, he would be entitled to recover, to-wit:

"(1) If MacDonald agreed with Follett that he would take the matter of the renewal up with the oil companies, and

"(2) That if he procured a proposition of renewal from them would communicate with Follett, and, further,

"(3) If in that connection the parties disclosed their purpose to renew the leases so as to continue their overriding royalty in force."

All three issues were answered in appellee's favor, on what this court finds to have been sufficient evidence.

That result accordingly ended the controversy as concerned the Mueller leases.

Turning to what has been termed "the 13 additional leases," with which the district court suit No. 28,998 had to do, and which were not involved in the former appeal herein, the record shows, as indicated supra, that MacDonald procured these leases in the period between December 20, 1933 and November 28, 1934, during which time his agreement to share equally the overriding royalties on leases obtained by them with Follett was found by the jury to be in effect; it seems that these 13 leases, covering mineral interests in the Charles Breen, Polly and Chance, and the Imla Keep leagues in Brazoria County, were taken in the names of Harrison and Abercrombie; that Harrison and Abercrombie later, by an instrument dated January 29, 1937, conveyed to appellant MacDonald the 1/32 overriding royalties on those particular 13 additional leases.

So that, the trial court held that a question of fact was likewise raised under the pleadings and evidence as to whether or not the same agreement to share overriding royalties obtained by either of the parties and the same relation of confidence and trust did not also permeate the transactions of appellant MacDonald in so obtaining and disposing of those 13 additional tracts; it, therefore, submitted like inquiries to the jury as it had done under issues 1 to 3 supra, with reference to the Mueller leases, in its further special issues 4 to 22, inclusive, with reference to the additional 13 leases, and in response thereto the jury, upon what this court must find to have been sufficient evidence, answered all of them also in favor of appellee Follett. The substantial substance of those findings is thus quoted with approval from the appellees' brief:

"The jury found that Follett and MacDonald agreed they would work together to place under mineral lease lands in the vicinity of Old Ocean Lake so as to jointly acquire for themselves an overriding royalty under such leases; that, after such agreement was entered into, Follett made an effort to comply with same; that such agreement was in existence on December 20, 1933, the date of the lease of T. Berthelson and wife to J. L. Poutra, covering certain land in the Charles Breen League, this being the date of the first of the 13 leases involved, and continued down to and including January 29, 1937, the date of the overriding royalty assignment from Harrison Oil Company, et al., to R. D. Mac-

Donald, by which instrument MacDonald acquired the record title to the overriding royalty sued for under these thirteen tracts of land. Such agreement included the lands, under which the overriding royalties were sued for in this case, in the Polly & Chance League, the Imla Keep League, and the Charles Breen League, all in Brazoria County, Texas. The jury further found that, in the latter part of the year 1933, or the early part of 1934, MacDonald told Follett that the Harrison Oil Company and J. S. Abercrombie Company would not allow an overriding royalty on any lease in their blocks, except in the M. B. Nuchols Survey, and that Follett did not know, before the early part of 1942, that MacDonald claimed to own the overriding royalty described in such assignment of January 29, 1937, covering the overriding royalties sued for under the thirteen tracts. The jury found that Follett did not know at the time that MacDonald was expending time and money in procuring the leases covering the thirteen tracts here involved, and, by the use of reasonable diligence, could not have ascertained at such time that R. D. Mac-Donald was so doing."

Under the pleadings and the quoted findings of the trial court and the jury, which this court finds to have been supported by the evidence and in accord with the law, there further seems to it to be no doubt that the cause for the ½ undivided interest in the overriding royalties under the additional 13 leases is also ruled by the Supreme Court's opinion on the Mueller 570-acre leases.

Without further discussion of that feature, these additional authorities are cited in support of it: Bennett v. McKrell, 135 Tex. 557, 144 S.W.2d 242, 244; Whatley v. Cato Oil Co., Tex.Civ.App., 115 S.W.2d 1205; 33 Corpus Juris 851, Par. 35; Pyron v. Brownfield, Tex.Civ.App., 238 S.W. 725; Van Tine v. Hilands, C.C.N.Y., 131 F. 124; San Francisco Iron & Metal Co. v. American Milling & Industrial Co., 115 Cal.App. 238, 1 P.2d 1008; Hoge v. George, 27 Wyo. 423, 200 P. 96, 18 A.L.R. 469; Thompson v. Reed, Tex.Civ.App., 61 S.W. 2d 557.

 The appellants, by their 69th and 70th points of error, complain of the overruling below of their respective motions for a change of venue and against the consolidation there of the two original causes,

Nos. 28,765 and 28,998, in that court; the motion for change of venue being pursuant to Rule 257, Texas Rules of Civil Procedure, and the motion against consolidation being pursuant to Rule 174, Texas Rules of Civil Procedure.

The assignments are overruled without extended discussion, upon the conclusion that no reversible error has been made to appear in either ruling; a review of the extended additional records featuring these proceedings convinces this court, (1) that the evidence was clearly insufficient to require the trial court to find that appellants could not expect a fair and impartial trial in Brazoria County, or that any one of causes (a), (b) and (c) under Rule 257, for which a change of venue might have been granted, existed; and (2) that as to the objection to consolidation, the pleadings and evidence in both such original causes clearly disclosed but one cause-of-action by the appellees against the appellants involving common questions of both law and fact, hence a consolidation was clearly within the discretion of the trial court in construing cited Rule 174.

As sustaining the first of these rulings these authorities are cited: Barrow v. Barclay, Tex.Civ.App., 269 S.W. 235, error refused; Ferguson Seed Farms v. Fort Worth & Denver Ry. Co., Tex.Civ.App., 100 S.W.2d 177, 179 (bottom), error dismissed; Clarkson v. Ruiz, Tex.Civ.App., 140 S.W. 2d 206, 207 (middle), error dismissed; Wagley v. Fambrough, Tex.Civ.App., 163 S.W.2d 1072, 1076 (top), affirmed by the Supreme Court, 140 Tex. 577, 169 S.W.2d 478; Wallis v. Long, Tex.Civ.App., 75 S.W.2d 138, 143 (bottom).

While under the second holding, these authorities are relied upon: Mixon v. Farris, 20 Tex.Civ.App. 253, 48 S.W. 741, 742 (bottom), error denied; Ferguson v. Dodd, Tex.Civ.App., 183 S.W. 391, 392 (top), 393 (top), error refused; Regester v. Lang, Tex.Civ.App., 33 S.W.2d 230, 232 (middle); Cobb v. Barber, 92 Tex. 309, 47 S.W. 963, 964; Kreis v. Kreis, Tex.Civ.App., 36 S.W. 2d 621; Wilson v. Ammann, Tex.Civ.App., 163 S.W.2d 660, 662.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; they require that the judgment of the trial court be affirmed. It will be so ordered.

Affirmed.